EVANDER MCNAIR, Appellant, against S. H. TOLER, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A Defendant, having invested $2,000, belonging to Plaintiff in certain real estate, and taken the title thereto in his own name for the convenience of selling the same as Plaintiff's agent, signed a receipt whereby he promised to pay the Plaintiff $2,000 "out of the proceeds of the sale of a certain lot of ground situate in the City of Saint Paul and State of Minnesota, viz: the east half north-west quarter section thirty-two and range twenty-one." In an action for the money had and received, this receipt was set up, and that the Defendant has not been able to sell the land, after reasonable diligence used &c. *Held* that there is a patent ambiguity in the receipt, which cannot be explained by parol proof. An ambiguity is patent when the mere perusal of the instrument shows plainly that something more must be added, before the reader can determine which, of several things, is meant by it, and no evidence to supply the omission can be admitted. The receipt operates as a money demand, and constitutes no defence to the action.

Points and authorities of Appellant.

The error of the Court below consists in supposing that it is necessary for the the Defendant to contradict and

vary the written contract set forth in the answer in order to establish the defence; the Court was probably led into this error from the fact that the answer set forth much more than was necessary to constitute a defence. Suppose the answer had simply denied, as it might have done, the allegations of the complaint? or after denying the complaint, suppose it had set forth the written contract, with the simple allegation that it was executed to evidence the same loaning &c., set forth in the complaint and none other? The Plaintiff could not have demurred, neither could he have replied so as to support his complaint and show a cause of action. It matters not whether it appears in the pleadings or comes out in evidence on trial, that the Plaintiff's claim is founded upon, and evidenced by the writing; but so soon as it does thus appear, the defence is complete, until the Plaintiff can show his right to recover in pursuance of the agreement. The agreement, does not show upon its face an absolute right to recover, but certain other facts must be shown to exist in connection with the agreement in order to entitle the Plaintiff to recover. If any correction is required, it is of interest to the Plaintiff, to have it done, and not the Defendant. The agreement answers the purpose of the Defendant as it is. Is it not a strange doctrine to hold that a man is absolutely bound to pay a sum of money, where his contract only binds him to pay it out of a particular fund, or from the proceeds of certain real estate. Yet this is what the Plaintiff seeks, and what the Court below virtually decided could be done. Suppose there is no such land as that described in the contract, and suppose the Court can take judicial notice of the fact, it by no means follows that the Plaintiff can recover independent of the writing.

If any explanation of the contract is required, it is for the Plaintiff to reconcile it with other facts, so as to show a right of action in him.

Points and authorities of Respondent.

The order of the Court below sustaining the demurrer should be affirmed on the following grounds.

*First.*—The Defendant attempts to contradict and vary the

terms of the written agreement, which he has set up in his answer, by parol proof. The whole of the contract entered into on the 9th of November 1859, is evidenced by the written agreement, and the Defendant is not allowed to allege his *understanding* of the contract to vary its terms. 3 *Ph. Ev. C. & H. Notes p.* 1384, 1460, 1466, 1470, *and cases cited*; *Mann vs. Mann's Exrs*, 1 *John Ch. Rep.* 231; *Parkhurst vs. VanCortlandt*, 1 *John Ch. Rep.* 273.

The Defendant *supposes* several theories, upon which a defence to the action can be maintained. To this we reply that we have not demurred to answers the Defendant might have interposed, but to the one he did actually make, and by which, we apprehend, he will be bound on the argument of this demurrer.

*Second.*—Upon the face of the agreement set up in the answer it appears that the money mentioned in it was payable *on demand*, and not upon any contingency, or out of any particular fund.

1st. The contract does not describe any land out of which the $2,000 was to be paid. There is a patent ambiguity in the description which cannot be explained by parol proof. An ambiguity is patent when the the mere perusal of the instrument shows plainly that something more must be added before it can be determined which of several things is meant by it, and then the rule is inflexible, that no evidence to supply the deficiency can be introdued. 3 *Ph. Ev. C. & H. Notes p.* 1360, *and cases cited*; 4 *Mass.* 205, *Parsons on Cont.* 78; *Chitty on Cont.* 101; 1 *Green Ev. Sec.* 297–301 *and notes.*

The Court will at once perceive that there cannot be any such land as that described in the agreement, and take notice of the fact.

2nd. The contingency being void and the fund out of which the debt was payable not being in existence, the agreement operates as a receipt for the money, and the Defendant is liable for its payment on demand. The law in such cases applies the principle *"ut res magis valeat quam pereat"* and gives effect to the contract so far as it is capable of being enforced.

SMITH & GILMAN, Counsel for Appellants.

G. L. & E. A. OTIS, Counsel for Respondent.

*By the Court*, ATWATER, J.—Appeal from an order of the District Court of Ramsey County, sustaining demurrer to part of an answer. The action was for two thousand dollars and interest, loaned and advanced by the assignor of the Plaintiff to the Defendant. The part of the answer demurred to, alleged in substance, that the Defendant as agent of W. H. Toler (the assignor of the Plaintiff) purchased for him a certain tract of land in St. Paul, of over the value of $2000, that said Toler being dissatisfied with the price paid for said land ($2000) by Defendant, it was agreed by and between them, that the Defendant should take the title of the land in his own name for convenience of sale and conveyance, and that Defendant whenever the time would justify a sale thereof with reasonable diligence, should dispose of the same, and repay said Toler the two thousand dollars and interest, the Defendant being liable to Toler for any deficiency in said amount which might occur on the sale of the premises, and that with intent to evidence such agreement, a paper in writing was prepared, signed by the Defendant, and delivered to said Toler, of which the following is a copy, viz:

"Received of W. H. Toler, $2,000, which I promise to pay him out of the proceeds of the sale of a certain lot of ground situate in the city of St. Paul, and State of Minnesota, viz: the east half north west quarter section thirty-two and Range twenty-one. This obligation is intended if I should die before the sale of the above named ground, in the above named city and State, to bind my heirs, administrators and assigns to pay the same unto the said W. H. Toler, or his heirs, administrators or assigns. Given under my hand and seal, this 7th day of November, 1859, one thousand eight hundred and fifty-nine. E. McNAIR. [SEAL.]"

The answer then alleges, that this is the same lot of ground first named in the answer, and that by mistake and inadvertence is not in said writing correctly described otherwise than by the obligation "a certain lot of ground situate in the city

of St. Paul, State of Minnesota." And alleges that the said loan and advance of $2000 and the indebtedness in the complaint named, and upon which the action is founded arises out of and is evidenced by said agreement in writing above set forth, and upon no other loan or indebtedness, and that the Defendant has not yet been able with reasonable diligence to dispose of said premises, &c.

The Defendant, having admitted the receipt of the money of the Plaintiff, must be held liable for the payment thereof, unless he can excuse himself by a legal defence. He attempts to do this by setting up an agreement between himself and the party loaning the money, which agreement is in writing, is quoted in terms, and is the sole evidence of the contract. Does the alleged contract, if admitted, furnish any defence to the action? To take the instrument as it reads, it cannot be said that the parties ever agreed that this money should be repaid from the proceeds of the sale of any land. It is impossible to determine from the instrument, what land the parties had reference to in the paper signed by the Defendant. There is a patent ambiguity in the instrument which cannot be explained by parol proof. There has been a difference of opinion expressed by elementary writers, as to what constitutes a patent ambiguity, but the rule seems now settled as stated in *Cow. & Hill's notes on Phil. Ev. part 2nd, Vol.* 4, *p.* 525, as follows, viz: "An ambiguity is patent in this sense," (i. e as used by Lord Bacon,) "when the mere perusal of the instrument shows plainly that something more must be added, before the reader can determine which of several things is meant by it; and then the rule is inflexible that no evidence to supply the omission can be admitted." The cases there cited go to sustain this definition, and the instrument set out in the answer falls within it. *Green. Ev. Vol.* 1, *Sec.* 300; *Steph. Nisi Prius Vol.* 2, 1544; 4 *Sand.* 31; 4 *Mass.* 205; 11 *Johns* 201. To make the instrument available for the purpose desired, it must first be reformed by an action brought for that purpose, or perhaps it might be effected in this action by making the proper averments. But the defect cannot be supplied by parol proof in the present state of the pleadings. The only effect of the instrument in its present form is to

operate as a receipt for money, which is payable on demand, and constitutes no defence to the action.

The judgment below is affirmed.

EMMETT C. J. *dissents.*