## EVANDER McNAIR *vs.* W. H. TOLER & S. H. TOLER.

### January 2, 1875.

Action to Vacate Fraudulent Judgment—Parties Defendant.—An action to set aside a judgment as fraudulent will not lie against one innocent of the fraud, not a party to the judgment, and claiming nothing under it.

Same.—Complaint must show Damage as well as Fraud.—The complaint in such an action must show, not only the commission of a fraud, but also damage resulting therefrom to the plaintiff.

*Action, when not Fictitious.*—An action is not fictitious, in which there are real parties in interest, a real matter in controversy, a real prosecution, a real defence, and a real decision, although it be prosecuted by the real plaintiff under a fictitious name.

**Objection that Plaintiff is an Alien Enemy—How to be Taken.**—The objection that the plaintiff is an alien enemy, or is otherwise incapable of suing, is waived unless taken by answer or demurrer.

**Alien Enemy may be sued, and may employ Attorneys.**—An alien enemy may be sued, and his liability to suit carries with it the right to employ attorneys to conduct his defence.

The plaintiff, in his amended complaint, filed December 28, 1871, alleges that in June, 1859, it was agreed between the plaintiff and the defendant W. H. Toler, that the former should purchase land in St. Paul, with money furnished by the latter, and should take the title in his own name, plaintiff to bear all expenses, and the difference between the original cost and the price realized upon a sale to be equally divided between the parties; and that plaintiff, under this agreement, purchased certain land particularly described in the complaint, receiving a conveyance thereof in his own name, which was duly recorded. That afterwards a new agreement was made between the parties, evidenced by the following memorandum or obligation, under seal, delivered by plaintiff to W. H. Toler: "Received of W. H. Toler $2,000, which I promise to pay him out of the proceeds of the sale of a certain lot of ground situated in the city of St. Paul and State of Minnesota, viz: the E 1-2, N W 1-4, section 32, range 21. This obligation is intended, if I should die before the sale of the above named ground, * * to bind my heirs, executors, administrators and assigns to pay the same unto the said W. H. Toler, his heirs, administrators or assigns. Given under my hand and seal, this 7th of November, 1859. E. McNair." That by the mutual mistake of the parties, the description in the memorandum, which is false and impossible, was inserted therein, instead of the true description before given in the complaint. That at no time prior to September 19, 1860, could said premises have been sold for more than $1,000. That in the summer of

1860, W. H. Toler, for the purpose of deceiving plaintiff, falsely and fraudulently represented to him, by letter, that he had sold and delivered said obligation to his brother, S. H. Toler, whom plaintiff believed to be such person as he was so represented to be; whereas, in fact, said W. H. Toler had never sold or parted with the same, and never had a brother by the name of S. H. Toler, and there was no such person in existence as by him described. That on September 18, 1860, W. H. Toler, purposing and intending to defraud plaintiff of his estate and interest in said premises, wrongfully and unlawfully procured some person to plaintiff unknown to personate and represent himself to be S. H. Toler, and thereby caused a fictitious suit to be commenced against him in the district court for Ramsey county, in the pretended and fictitious name, S. H. Toler, to recover said sum of $2000, with interest from November 7, 1859.

After setting forth the complaint in the former action, in which the masculine pronoun " he " is used in referring to the plaintiff therein, S. H. Toler, the plaintiff alleges that at the same time the said W. H. Toler, intending as aforesaid, to injure him, caused a writ of attachment to be issued, in the name of said pretended and fictitious plaintiff, by personation and representation as aforesaid, and to be levied on said premises, on September 19, 1860. That there was no such person in existence, at the time of the commencement of said pretended and fictitious suit, as the person therein named and appearing of record as plaintiff. That on November 8, 1862, a firm of attorneys, resident at St. Paul, appeared and filed an answer, which is set forth, and consists of a general denial, a denial that the obligation sued on was owned or held by S. H. Toler, and an averment that the same was owned and held by W. H. Toler. That the deposition of W. H. Toler was taken in said action, in the state of Tennessee, and filed August 25, 1862, which deposition was taken solely upon interrogatories propounded by the attorneys of said pretended plaintiff, and that the testimony

12

so given by said W. H. Toler was false and wilfully untrue. That said pretended and fictitious suit was brought to trial, and that solely by means of said wilful and false testimony, the court was enabled, on November 14, 1862, to render and docket judgment against the defendant therein, and in favor of said pretended and fictitious plaintiff, for the sum of $2,732.89. That on May 19, 1863, said W. H. Toler, with the wicked and fraudulent intention of defrauding plaintiff, as aforesaid, caused execution to be issued on said judgment, in the pretended and fictitious name aforesaid, on which execution said premises were levied on, and sold to the fictitious plaintiff in said action, for the pretended sum of $2500, no money being paid at the sale, and the usual certificate being issued by the sheriff, which remains of record, etc.

That said pretended and fictitious suit was never contested on the merits, and the only issue made by the pleadings was upon the ownership of said claim and demand; and that no evidence was introduced on the part of this plaintiff. That this plaintiff had sufficient and abundant evidence, of which his attorneys were wholly ignorant, to have controverted the witnesses of said pretended and fictitious plaintiff, and to have disproved the testimony of W. H. Toler, and to have established a complete defence to said pretended cause of action.

That plaintiff is informed and believes that the defendant sued herein by the name of S. H. Toler, claims title in fee to said premises, by virtue of said proceedings, and pretends to be the plaintiff in said fictitious suit; but that such person is not the same person who is described as, and who purports to be, the plaintiff therein. That the defendant herein, S. H. Toler, was, on November 7, 1859, and has ever since been, the wife of W. H. Toler; that she never owned, possessed, purchased, or paid any consideration for, said obligation, or for any claim against plaintiff, held or owned by W. H. Toler; and that long prior to November 7, 1859, she had full knowledge of the agreement between W. H. Toler and plaintiff as to the payment of the $2000, of the

said mistake in the description of said premises, of the true description thereof, and of the intention of the parties to said obligation to have inserted therein such true description. That the pretended assignment to her was without her knowledge or assent, and was not made to her; that the said pretended and fictitious suit, and all the proceedings therein down to the record of the certificate of sale, were fraudulently instigated and caused to be prosecuted by W. H. Toler, without her knowledge, and for the purpose of defrauding plaintiff as aforesaid. That at the time said assignment purports to have been made, defendants were husband and wife, and were residents and citizens of Tennessee, by the laws of which state all sales and contracts between husband and wife were absolutely void; that plaintiff never knew, until after the commencement of this action, that defendant S. H. Toler was wife of W. H. Toler, or that there was any person of that name other than the pretended brother of W. H. Toler, or that the pretended plaintiff in the suit aforesaid was a fictitious and unreal person. That W. H. Toler now owns all the right, title and interest in said obligation, and has never sold or disposed of it to any person.

That the notice of said execution sale stated that such sale would take place at the front door of the court house in St. Paul, where it actually did take place; but that no notice thereof was posted at such place, or at more than three places in said county.

That prior to and during the late war between the government of the United States and the Confederate States, so-called, plaintiff was a resident and citizen of the States of Arkansas and Mississippi, and all the time within the military lines of said Confederate States, and could not and did not communicate with his attorneys, who were citizens and residents of this state; and that in consequence thereof, they were ignorant of the facts and evidence of his case, and could not present the merits of his defence. That since the war he has been and now is a citizen and resident of

Mississippi, and that he knew nothing of the judgment, or the sale, or any of the facts constituting the fraud perpetrated on him, until within the last three years. That during the war defendants were citizens and residents of Tennessee.

That said real estate remains encumbered by said pretended and fictitious judgment and certificate, and that in consequence of defendants' acts, and claims, and of the encumbered condition of the title, plaintiff has been, and still is, unable to sell said premises, and carry out the trust confided to him, as aforesaid; that the value of said real estate is $5000, for which sum it can be sold whenever said pretended and fictitious title and encumbrances are annulled.

For relief, the plaintiff prays that all the proceedings in said fictitious suit be vacated, that the pretended sale and the certificate be declared null and void, and cancelled of record : that defendant S. H. Toler be adjudged to have no title, interest or lien in or upon said real estate ; that the obligation be reformed by inserting therein the true description before set forth ; that plaintiff be adjudged to be the owner of said real estate in fee, and be allowed to execute said trust by selling the same, and paying the amount which shall be found due the said W. H. Toler, and for general relief. ·

The defendants demurred on all the statutory grounds ; the demurrer was sustained by the district court for Ramsey county, *Wilkin*, J., presiding and the plaintiff appealed.

*A. R. Capehart*, for appellant.

*Geo. L. Otis*, for respondents.

YOUNG, J. In his complaint, to which the defendants have jointly demurred, the plaintiff prays that the judgment rendered against him on November 14, 1862, and all other proceedings in the suit entitled S. H. Toler against Evander McNair, may be vacated ; that a sale and certificate of sale of certain real estate to the plaintiff in that action, under an execution issued on the judgment therein, may be declared void and cancelled ; that the defendant, S. H. Toler, may be decreed to have no interest in such real estate ; that the ob-

ligation given by the plaintiff to the defendant, W. H. Toler, and upon which that action was brought,· may be reformed; and for other relief against W. H. Toler, based on the obligation as reformed. The ground on which it is sought to set aside the judgment, etc., is fraud in the proceedings by which it was obtained. It is also charged that the sale on execution was irregular, for want of proper notice.

The complaint leaves it somewhat uncertain whether the real plaintiff in the former suit was, 1, the now defendant, Mrs. S. H. Toler; or, 2, the defendant, W. H. Toler, suing in the name of Mrs. S. H. Toler; or, 3, the defendant, W. H. Toler, suing in the name of S. H. Toler, apparently that of his wife, but, in fact, entirely fictitious and belonging to no existing person; or, 4, some person to the plaintiff unknown, suing in the fictitious name of S. H. Toler; and all these different aspects of the complaint were presented in the argument of the appellant.

1. Unless the defendant Mrs. S. H. Toler is the same person who purchased at the execution sale, (and therefore the same person who was plaintiff in Toler v. McNair,) the complaint shows that she is in no way connected with the proceedings sought to be vacated, and has no interest in the subject-matter of the suit, and therefore shows that the plaintiff has no cause of action against her. *Newman* v. *Home Ins. Co.*, 20 Minn. 422.

In his argument, the plaintiff's counsel says that Mrs. Toler is made defendant that she may assert or disclaim title. But this is a suit in equity, in which the complaint must show, (among other things,) the defendant's interest in the subject-matter of the suit. This is not an action under the statute to determine adverse claims to real property, and the complaint does not state that the plaintiff is in possession of the land sold, or that the land is unoccupied, one or the other of which allegations is essential to a complaint in such an action.

2. If Mrs. Toler was the plaintiff and purchaser, the

complaint states no cause of action against either of the defendants. If Mrs. Toler was plaintiff in Toler v. McNair, no fraud could have been committed in that action. All the allegations of fraud in the complaint are based upon the assumption that Mrs. Toler was not the plaintiff. It is objected that Mrs. Toler, as a *feme covert*, was, by the laws of her domicile, the State of Tennessee, incapable of making a contract or bringing a suit, and that this disability attached to her as plaintiff in the former action, though brought in this state, and rendered all proceedings therein wholly void. But this objection should have been taken by answer in the former action ; and, not having been so taken, the now plaintiff could not have availed himself of it even in that suit ; still less can he now use it as a ground of setting aside the judgment.

3. If the now defendant W. H. Toler was the real plaintiff and purchaser, whether suing in the name of his wife, or in a fictitious name, the complaint shows no sufficient ground for setting aside the former judgment as fraudulent. It is alleged that prior to the bringing of that action, W. H. Toler informed the plaintiff that he had sold the obligation or memorandum before mentioned, to his brother, S. H. Toler, whereas he had not sold it, and he had no such brother ; that he procured some person to personate and represent himself to be S. H. Toler, and thereby caused the former action to be commenced in the name of S. H. Toler ; that he caused a writ of attachment to be issued in the name of S. H. Toler ; that he caused execution to be issued on the judgment, and levied on certain real estate, and the real estate to be sold to the plaintiff in that suit. It is charged that all these things were done fraudulently, and with a design to injure the plaintiff, that the suit was fictitious, and that no such person as the nominal plaintiff therein ever existed. But the plaintiff wholly fails to show wherein he has been damaged by any of the alleged fraudulent acts. The obligation sued on was not negotiable. For anything that appears, every defence was open to him in that action

which he could possibly have urged, if W. H. Toler had been the plaintiff in name as well as in fact, together with the additional defence, (which was actually made,) that the plaintiff on the record was not the real party in interest. There is nothing in this complaint to show that any judgment more favorable to this plaintiff would or could have been rendered, had W. H. Toler sued in his own name, than that which it is now sought to set aside. The only defence he now sets up to the cause of action in the former suit, viz., the mistake in the obligation sued on, was known to him when that action was brought, and should have been pleaded then, if ever. That the " abundant evidence " he then possessed to disprove the assignment of the cause of action to the nominal plaintiff in the action, was not communicated by him to his attorneys, is no ground for setting aside the judgment. If plaintiff was deceived, it was not to his damage.

It is further alleged that, in his deposition in the former action, W. H. Toler gave testimony false and wilfully untrue, and that solely by means of this wilful and false testimony, the court was enabled to render the judgment in question. Whether in any case, where the defendant has appeared and defended, a judgment against him can be set aside as fraudulent, because of the admission of false testimony on the merits, is a question we are not called on to determine. See, however, *State* v. *Bachelder*, 5 Minn. 223, 244. The complaint in this case sets forth the memorandum or obligation signed by the now plaintiff, upon which it is evident the former action was brought, and which the plaintiff recognizes as a valid obligation for the payment of money. The legal effect of this instrument was determined in *Toler* v. *McNair*, (reported as *McNair* v. *Toler*,) 5 Minn. 435. The complaint in that action, (as set forth in this complaint,) pleads this obligation according to its legal effect, and alleges an assignment of it to the plaintiff on the record, S. H. Toler. The now plaintiff appeared in that action by attorneys, whose retainer by himself he does not now deny,

and answered the complaint by a general denial of all the allegations therein, a particular denial of the assignment, and an averment that the pretended claim belonged to W. H. Toler. The plaintiff does not set forth the tenor or the substance of W. H. Toler's testimony, or state any matter to which he swore; but as every averment in the former complaint is stated in this to be true, (except that of the assignment to S. H. Toler,) and as this complaint expressly states that "the only issue made by the pleadings was the ownership of such claim or demand," the witness W. H. Toler, giving testimony material to that issue, could not have sworn falsely to anything unless to the assignment; and however reprehensible his conduct, it could not, for reasons already stated, have injured the plaintiff to his damage. The alleged wrong was *injuria sine damno*.

It is contended that the courts of Minnesota could not lawfully entertain a suit in which both plaintiff and defendant were alien enemies. The suit of *Toler* v. *McNair* was begun before the late war; but the answer appears to have been filed November 8, 1862. The objection that the plaintiff was technically an alien enemy, like all other objections to his (or her) capacity to sue, was waived by the omission to plead it in abatement. The case must stand as if the then plaintiff were under no disability, and the defendant alone was an alien enemy, which would of itself be no defence to the action, even if seasonably pleaded. *University* v. *Finch*, 18 Wall. 106. In his argument, the plaintiff by his counsel insists that, in the former suit, the attorneys who appeared for him appeared without his knowledge or consent, and were guilty of bad faith towards him, and of collusion with the adverse party. He also contends that, under the act of congress, and the proclamation of the President, of August 16, 1861, it was unlawful for him, as a resident and citizen of Arkansas (or of Mississippi,) to employ or communicate with attorneys in Minnesota; and that, therefore, it must be presumed that he did not employ them. But in the absence of a positive averment in the

complaint that he did not authorize them to appear, we do not think its place can be supplied by the not very cogent presumption of strict obedience on the part of citizens and residents of the states of Arkansas and Mississippi, in the year 1862, to acts of congress, and President's proclamations. Moreover "the liability of an alien enemy to be sued, carries with it the right to use all means and appliances of defence," including the right to employ attorneys to conduct that defence. *Mc Veigh* v. *United States*, 11 Wall. 259. The charges of fraud and collusion made in the argument are not based on any averment of the complaint.

4. Another aspect of the case remains to be considered. The plaintiff's counsel insists that his complaint shows that neither the defendant W. H. Toler, nor the defendant Mrs. S. H. Toler, was the plaintiff in the former suit; but that the only plaintiff in that suit was a mere name, S. H. Toler, a name apparently identical with that of the defendant Mrs. S. H. Toler, but, in fact, wholly fictitious; in short, that there was no plaintiff in the former action, and hence no action, and no judgment. But it is expressly alleged in this complaint that the former suit was founded on an actual, existing cause of action, viz: the same obligation now sought to be reformed. It is also expressly alleged that W. H. Toler procured some person to plaintiff unknown to personate and represent himself to be S. H. Toler, and thereby caused that action to be commenced; and that W. H. Toler then owned and still owns the cause of action on which it was founded. There was, therefore, in that action, according to the plaintiff's own showing, a real party plaintiff, in fact as well as in name. The suit was therefore not fictitious, but real, involving "a real interest, a real argument, a real prosecution, a real defence, a real decision," and real parties; and the judgment was "a judicial determination of a cause agitated between real parties, upon which a real interest has been settled." *Earl of Bandon* v. *Becher*, 3 Clark & Fin. 479, 511. In the cases cited by the plaintiff's counsel, either the suits were wholly fictitious, and not suits brought on real causes of action by

real parties under fictitious names, or the objection that the nominal plaintiff was not an existing person, or not the real party in interest, was seasonably taken.

In the former action, the assignment of the cause of action to the nominal plaintiff, and the interest of that plaintiff in the suit, were put in issue by the pleadings; and the judgment therein was an adjudication, as between the parties thereto, that S. H. Toler, the nominal plaintiff, was the holder and owner of the cause of action sued upon. If that S. H. Toler was the now defendant Mrs. S. H. Toler, or if W. H. Toler was the real plaintiff, suing in the name of S. H. Toler, then, as has been shown, the complaint shows no ground for vacating the judgment. If, on the other hand, the person named in that complaint as S. H. Toler, who brought that suit, and who purchased at the execution sale, was neither the now defendant Mrs. S. H. Toler, nor the defendant W. H. Toler, then the complaint not only states no cause of action against the present defendants, but also shows upon its face that there is a defect of parties defendant, the one person against whom this action to avoid the judgment could properly be brought, not being made a defendant.

It is alleged in the complaint that the notice of the execution sale was not posted at the place of sale, and this omission is urged as a ground for setting aside the sale. But the law then in force (Pub. Stat. ch. 61, § 111,) expressly provides that the omission of the sheriff to give the statutory notice shall not affect the validity of the sale.

As the complaint, upon any construction of its language, fails to state a cause of action, the demurrer was properly sustained.

Order affirmed.