## GEORGE W. H. BELL v. ANNA McLAREN.[1]

February 13, 1903.

Nos. 13,346—(265).

**Description—Tax Sale.**
> Land intended to be sold pursuant to a tax judgment was described in the deed thus: "That strip of land lying within the north and south lines of block 111, West St. Paul Proper, produced to State street, in the city of St. Paul, Ramsey county, Minnesota." The block, as platted, extended over and beyond State street; but in fact the land actually owned by the persons who platted the block did not extend to the westerly line of the street, and the strip of land intended to be described lies between such street line and the easterly line of the land actually owned by those who platted the whole block. *Held*, that the description is void for uncertainty.

Appeal by defendant from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial. Reversed.

*Percy D. Godfrey*, for appellant.

*Oscar Hallam*, for respondent.

*James E. Markham* and *Thomas McDermott*, for city of St. Paul.

START, C. J.

Action to determine adverse claims to real estate. The trial court made its findings of fact, and, as a conclusion of law therefrom, directed judgment for the defendant on the merits. The plaintiff appealed from an order denying his motion for a new trial.

The facts are undisputed. The plaintiff is the owner in fee of the land in controversy, unless a sale thereof to the defendant pursuant to a tax judgment in proceedings upon an assessment for opening, extending, and widening State street, in the city of St. Paul, is valid. In the deed of the city to the defendant the land was described thus:

"That strip of land lying within the north and south lines of

[1] Reported in 93 N. W. 515.

block 111, West St. Paul Proper, produced to State street, in the city of St. Paul, Ramsey county, Minnesota."

The sole question involved in this appeal is the sufficiency of this description. If it is void, as plaintiff claims, for uncertainty, the decision of the trial court was wrong. On the other hand, if the description identifies the property intended to be conveyed, or furnishes the means of identifying it, the decision was correct.

It is plain that, if the words "West St. Paul Proper" be rejected from this description, it is meaningless, for those words furnish the only clew to the identification of block 111. It is immaterial whether the words refer to the plat of West St. Paul Proper, or the survey thereof as staked out on the ground, for a person seeking to locate block 111 would be obliged to refer to the one or the other. It matters not which one he referred to. The result would be the same in either case, for the plat is a delineation on paper of what appears upon the ground after the survey is completed.

The description in question for all practical purposes adopts the plat of West St. Paul Proper to identify block 111. This plat was received in evidence, and shows that the block extends over and beyond what is now State street. Such being the case, it is apparent from a reading of the description that it does not afford the means of identifying any particular land. On its face it gives no hint whether the north and south lines of the block are to be extended from the easterly or westerly side of State street. Again, if read, as it must be, in connection with the plat or the survey on the ground, it shows that there is no land between the block and either side of the street. If no other facts had been proven on the trial, it would be perfectly obvious that the description was void. But it was admitted on the trial that the persons who platted West St. Paul Proper did not own that part of block 111 lying easterly of State street, as they in fact platted the block, nor did their land extend to the westerly line of the street, but between this line and the land they actually owned there was a narrow stip of land, which is the land here in controversy. Therefore, if the description had read,

"That strip of land lying within the north and south lines of block 111, West St. Paul Proper, if extended from the easterly line of that part of the block actually owned by the persons who platted it to State street,"

it would have been sufficient. But the fact remains that such was not the description in the deed to the defendant, for the whole of block 111, and not a particular part thereof, was the guide selected to be followed in any attempt to locate the land intended to be conveyed. It was a false guide, and the description too uncertain to sustain a sale on a tax judgment whereby it was sought to sell the plaintiff's land in proceedings in invitum, where there could be no such thing as an intention of parties.

It is claimed, however, by the defendant, that only so much of the plat of block 111 as the persons platting it actually owned was legal, and that, by ascertaining the easterly line of the part so owned by them, the land intended to be conveyed can be identified, and hence the description is sufficient, within the rule as laid down in the case of Herrick v. Morrill, 37 Minn. 250, 33 N. W. 849. The trouble with this claim is that, in order to establish any basis for the conclusion, it is necessary to read into the description new provisions. The case cited gives the test for determining the sufficiency of a description of real estate sold by virtue of statutory authority. The land must be described with sufficient certainty to enable all parties who are invited to buy to identify the property, and know what is being sold. While evidence of extrinsic facts is admissible to identify the premises, yet an inherently insufficient description cannot be made sufficient by proof of facts tending to show what property it was intended to include therein. Tested by this rule, the description in this case is void for uncertainty.

Order reversed and a new trial granted.