### PHILO POWELL v. GEORGE L. HARDY.[1]

May 8, 1903.

Nos. 13,414—(50).

### Chattel Mortgage Sale—Proof of Posting Notice.

Proof of posting the sale notice in a chattel mortgage foreclosure stated that copies were posted in three of the most public places in the county—one at a certain residence, one at or near a certain residence, and one at or near a certain post office. *Held,* "at or near" is indefinite, and two of the places of posting are not shown by the proof to be public places, within the meaning of the statute, and the foreclosure proceeding was for that reason invalid; the purchaser at the sale acquiring no title. *Held,* further, that respondent, having succeeded to the interests of the mortgagee in the foreclosure proceedings, is entitled to recover in this action the amount of the mortgage debt, with interest.

Action in the district court for Cass county to recover $300 and interest for the conversion of a horse, cow and wagon. The case was tried before McClenahan, J., and a jury which, under the instruction of the court, rendered a verdict in favor of plaintiff for the value of the property, which was found to be $250. From an order denying a motion for judgment notwithstanding the ver-

[1] Reported in 94 N. W. 682.

dict or for a new trial, defendant appealed. Reversed, and new trial granted.

*Chauncey L. Baxter*, for appellant.

*E. A. Kling*, for respondent.

LEWIS, J.

In 1897 one Allee, a resident of Cass county, then unorganized, executed a chattel mortgage upon certain personal property to J. B. Dexter, and in 1899 Allee gave a second mortgage to Bertelsen & Co. upon the same property, but no mention was made of that previously given. The first mortgage was foreclosed October 15, 1900, and the property purchased at the sale by plaintiff, who immediately thereafter redelivered it to the mortgagor, his brother-in-law. Thereafter Bertelsen & Co. attempted to foreclose the second mortgage, and made demand upon the mortgagor for the property, which being refused, an action in replevin was commenced, and the sheriff of that county took possession of the property by virtue of a writ issued therein. Thereupon this action was commenced by plaintiff against the sheriff to recover the value of the property, and the trial court instructed the jury to return a verdict for plaintiff for the value of the property.

The first mortgage was properly recorded, and the rights of the junior mortgagee are subject thereto. The only question in the case is whether the foreclosure was valid. If the mortgage was properly foreclosed, then the title to the property passed to plaintiff, and the case must be affirmed. On the other hand, if the foreclosure was invalid, plaintiff acquired no title, and the only interest he has in the property is the amount secured by the mortgage, with interest. We find it necessary to consider only one of the objections urged affecting the validity of the foreclosure, and that is the posting of the notice of sale, as shown by the proof. The affidavit of posting read:

"G. F. Batke, being first duly sworn, says that on the fourth day of October, 1900, he duly posted three true and correct copies of the foregoing and annexed notice of sale at three public places in the said county of Cass, as follows: One at the residence of A. J. Warner, one at or near the Ellis post office, one at or near G. F. Batke's house."

The objection to the proof is that it is indefinite as to the places where two of the notices were posted. It is urged on behalf of respondent that "at or near," when considered in connection with the declaration that the point was a public place in the county, means a prominent place either upon the residence and the post office, or upon a billboard or conspicuous object immediately in connection therewith, and that, in the absence of evidence to show that any one was misled, the places of posting ought to be considered public places. A majority of the court, however, are of the opinion that, considering the object of the notice of a chattel mortgage foreclosure sale, the law should be strictly complied with, in order to protect the rights of the mortgagee and those interested in the property. The law does not require the notice to be served upon subsequent mortgagees, and the only knowledge such parties have of the pending sale is by virtue of the public notice; and the points where the notices in question were placed might have been considerable distances from the residence and post office, and at obscure points, which would not be noticeable by persons approaching in the usual way. It is therefore held that the proof of posting is indefinite, in that it does not state that the places of posting were public places.

Plaintiff, by virtue of his purchase of the mortgage, succeeded to all the interest therein of the first mortgagee, Mr. Dexter, and is entitled to recover in this action the amount of the mortgage debt, with interest. It not appearing conclusively from the record what that amount is, the order appealed from is reversed, and a new trial granted.