## SAMUEL S. JONES v. FLORADO H. WELLCOME AND ANOTHER.[1]

### January 10, 1919.

### No. 20,945.

**New trial — newly discovered evidence — collateral attack on decree.**

> A motion for a new trial on the ground of surprise or newly discovered evidence will not be granted, unless it appears that the moving party is in a position to offer evidence on another trial that will probably change the result. The proposed newly discovered evidence in this case is in the nature of a collateral attack on a decree for registration of land. The decree cannot be attacked collaterally for error, nor for want of jurisdiction, unless the want of jurisdiction appears affirmatively on the face of the record. There is no attempt to show anything of this kind. The evidence would therefore be unavailing and a new trial was properly denied.

Action in the district court for Hennepin county to recover $1,375, the purchase price of certain land alleged to be nonexistent. The answer alleged that, prior to the execution and delivery of the deed, the title to the land was registered under the so-called Torrens Act (G. S. 1913, c. 65), and the district court for Becker county made its decree adjudging that defendants were legal owners of said premises; that no appeal was thereafter taken from said order, and that the time in which to appeal therefrom had elapsed; that the decree was res adjudicata against plaintiff. The case was tried before Hale, J., who at the close of the testimony denied defendants' motion for a directed verdict, and submitted to the jury the question: "How far west of the southeast corner post of section 1" in the specified township and range "was the southwest corner post of said section located by the government in its original survey?" The answer was: "We find the government located

[1]Reported in 170 N. W. 224.

the southwest corner post 39.60 chains west of the southeast corner post of said section in its original survey." The court made findings and ordered judgment as stated in the fifth paragraph of the opinion. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*John Lind* and *A. M. Higgins,* for appellant.

*R. G. Patton* and *Jesse Van Valkenburg,* for respondents.

HALLAM, J.

Plaintiff bought from defendant "the west one hundred twenty-five acres" of the southwest quarter (S. W. ¼) of section (1) at eleven dollars ($11) an acre, received a deed and paid the purchase price of $1,375. This action is brought to recover back the purchase price paid, on the ground that "the west one hundred twenty-five acres" of said section does not exist.

The location of the southwest corner of section one (1) was in dispute and was submitted to a jury. They found it to be 39.60 chains west of the southeast section corner, instead of 80 chains as in case of the ordinary square section. The court approved and adopted this finding. The finding is not challenged on this appeal.

The result is that section one (1) is a fractional section. The court found that the quarter post in the south line of the section should be located equidistant between the southeast section corner and the southwest corner as that corner was located by the jury, and that the line between the east and west halves of the section is a line drawn from the quarter post so located to the quarter section corner in the north line of the section. As so bounded the southwest quarter (S. W. ¼) of said section contains but 99.943 acres. The diagram on the next page makes this situation clear.

The court further found that prior to the making of said deed defendant had caused said land to be registered, and that a certificate of registration had been issued to the defendant Florado H. Wellcome, certifying that he was the owner in fee simple thereof, and that the deed and registration certificate conveyed to plaintiff all the land in said southwest quarter (S. W. 1/4).

The court then found that there was a deficiency in the amount of land called for by the deed in the difference between the 125 acres called for and the 99.943 acres actually conveyed or 25.057 acres, and ordered judgment for $275.63, "being 25.057 acres at $11 per acre," together with interest.

These findings are not challenged on this appeal. Plaintiff tried the case in the trial court on the theory that "the west 125 acres" of said quarter section was intended to describe a tract in said section west of the 99.943-acre tract above described and that no such tract existed. As above indicated, the court rejected this theory and no exception is taken to the propriety of the decision. In fact no claim is made that upon the record made at the trial the findings of the court and jury were erroneous in any particular.

Plaintiff moved for a new trial on the ground of surprise and newly discovered evidence. The motion was predicated on an affidavit by plaintiff's attorney. He avers that since the trial plaintiff has discovered that the decree in registration and the certificate issued thereon were

void; that at the time the deed was given, plaintiff already had the government title to part of the southwest quarter (S. W. ¼) of section one (1) described by metes and bounds, and Otto Kuhn had title to another tract in said quarter described by metes and bounds; that these two descriptions together cover the whole 99.943 acres that the quarter contained; that taxes had been assessed against each tract by these descriptions and had been regularly paid in full; that, notwithstanding this fact, taxes had been levied also against the "west 125 acres of the southwest quarter" of said section, and this description of land was sold at tax sale, defendant becoming the purchaser, and defendant went through the usual form required to perfect his tax title. The affidavit alleges that there was a plain case of double taxation and the tax sale was void. It further alleges, that defendant Florado H. Wellcome, after obtaining his alleged tax title, brought an action against Albert Kuhn to quiet title to said "west 125 acres" and obtained a decree and then commenced the registration proceedings above mentioned, naming only Albert Kuhn as defendant; that the real owners of record, who it is alleged were in possession, were not named as parties, and plaintiff contends that he should have a new trial to permit him to produce this evidence, which he claims would prove the registration decree and certificate void.

There is probably no element of surprise in the case, but in any event surprise will not warrant a new trial, unless it appears that the moving party is in a position to offer evidence of such a character as will probably change the result on another trial. Farnham v. Jones, 32 Minn. 7, 19 N. W. 83. The same observation applies to the motion for a new trial on the ground of newly discovered evidence. Lampsen v. Brander, 28 Minn. 526, 11 N. W. 94. The proposed newly discovered evidence merely goes to assail the decree in the registration proceeding. The purpose is to show that the court did not acquire jurisdiction of all the parties and that its decision was wrong. It is plainly a collateral attack on that decree. The decree cannot be attacked collaterally for error in the proceeding, and it cannot be collaterally attacked for want of jurisdiction, unless the want of jurisdiction appears affirmatively on the face of the record. Henry v. White, 123 Minn. 182, 143 N. W. 324, L.R.A. 1916D, 4. There is no attempt to show anything of this kind.

The evidence would therefore be unavailing and therein is a sufficient reason for refusing a new trial.

Order affirmed.