CLARENCE FULLER v. MOHAWK FIRE INSURANCE COMPANY.[1]

December 9, 1932.

No. 29,289.

[1]Reported in 245 N. W. 617.

448

*Edgar T. Buckley,* for appellant.
*Grimes & Toensing,* for respondent.

OLSEN, J.

Defendant appeals from the judgment.

On December 22, 1928, the defendant issued its policy of fire insurance insuring plaintiff against loss by fire upon a dwelling house owned and occupied by plaintiff in Hennepin county, this state. The insurance was for the term of three years. On December 25, 1929, the dwelling house was totally destroyed by fire. The amount of insurance was $2,000. Due proof of loss was made, and defendant refused to pay. The case was tried to the court, recovery awarded, and judgment entered against defendant for $1,534.23 and interest and costs, being for the amount of the policy less what had been paid to the mortgagee under a mortgage payment clause in the policy.

The defense pleaded and litigated was in substance that in May, 1928, plaintiff gave a mortgage on the premises to one Margaret L.

Fuller for the amount of $456.24; that there was default in payment and a foreclosure sale under this mortgage on November 20, 1928, and sheriff's certificate issued to Margaret L. Fuller, the foreclosure being by advertisement under our statute; that there was no redemption; and that therefore plaintiff had no interest in or title to the property at the time of the fire. The mortgage foreclosure sale is also pleaded as a sale of property by plaintiff, which would avoid liability on the policy unless consented to by defendant. No consent to any sale was given.

The plaintiff by reply pleads that the mortgage sale was illegal and void; and also that in an action by plaintiff against Margaret L. Fuller to set aside the purported mortgage sale and sheriff's certificate and the record thereof judgment was duly entered in the district court in Hennepin county in January, 1931, decreeing that said mortgage foreclosure sale and the sheriff's certificate issued thereon were null and void and were set aside, and plaintiff was adjudged to be the owner in fee of the premises, subject only to the mortgage to Margaret L. Fuller. Plaintiff has at all times since 1911 been in the actual possession of the premises. The title to the land was registered in the plaintiff, and he has at all times here in question had in his possession the duplicate certificate of title issued to him. The judgment above mentioned was duly filed in the office of the registrar of titles on May 13, 1931, and a memorial thereof entered on plaintiff's certificate.

■ It is conceded that the foreclosure sale in question was void in its inception because of failure to publish the notice thereof for the statutory length of time. The fact that the foreclosure record, including the sheriff's certificate, was filed and entered in the office of the registrar of titles does not aid the defendant, for those papers show on their face the invalidity of the foreclosure sale. Hence at the time of the fire, the plaintiff, on the record and in fact, was the owner in fee of the premises, subject only to the mortgage to Margaret L. Fuller, which had not been foreclosed and which has since been paid and satisfied.

Defendant seeks to avoid the otherwise inescapable result by presenting a curative act, L. 1929, p. 535, c. 378, Mason, 1931 Supp.

§ 9633. The act by its terms purports to cure defects such as that here presented. The act was approved April 25, 1929, over five months after the foreclosure sale. The plaintiff was in the actual possession and occupancy of the premises for many years prior to the sale and so remained thereafter up to the present time. The notice of sale was a prerequisite to any valid sale, and the sale was void. Plaintiff was and is the owner in fee, holding legal title to the premises. As to him, we see no escape from the conclusion that the curative act is unconstitutional. It attempts to deprive the owner in possession of his vested right and title to the property. Lowry v. Mayo, 41 Minn. 388, 43 N. W. 78; Christian v. Bowman, 49 Minn. 99, 104, 51 N. W. 663; McCord v. Sullivan, 85 Minn. 344, 88 N. W. 989, 89 A. S. R. 561; Olson v. Cash, 98 Minn. 4, 107 N. W. 557; Peet v. City of East Grand Forks, 101 Minn. 523, 112 N. W. 1005; Fitger v. Alger, Smith & Co. 130 Minn. 520, 153 N. W. 997; Snortum v. Snortum, 155 Minn. 230, 193 N. W. 304; Young v. Mall Inv. Co. 172 Minn. 428, 215 N. W. 840, 55 A. L. R. 461.

The act is not a statute of limitations. Its title is: "An act to legalize mortgage foreclosure sales heretofore made." The provision that the act shall not apply to actions or proceedings pending or commenced before July 1, 1929, in any state court does not aid defendant. If plaintiff had surrendered possession of the property at the expiration of a year after the purported sale, and defendant, a stranger to plaintiff's title, had acquired rights under the purported sale, or claimed rights adverse to plaintiff and to the purported purchaser, different questions would arise.

■ The plaintiff at the time of the fire was the registered owner in fee of the premises and in possession. He held unconditional title, subject only to the lien of the Fuller mortgage. He had not only an insurable interest but the entire ownership. While the record of the attempted mortgage sale was filed and entered in the office of the registrar of titles, it showed on its face an invalid sale and had no effect on the title.

■ The judgment in the case of this plaintiff against Margaret L. Fuller was properly received in evidence as a link in plaintiff's

chain of title. The question was fully considered in the case of Minnesota Debenture Co. v. Johnson, 94 Minn. 150, 155, 102 N. W. 381, 383, 110 A. S. R. 354. The court there said:

"Had it appeared that plaintiff's action was founded, in fact, upon some claim of title, and that the judgment of the court confirmed the same and extinguished the adverse claims of Dean, it would have connected itself with the title, and its judgment, under the recording act and the decision in the Berryhill v. Smith case [59 Minn. 285, 61 N. W. 144] would constitute a link in the chain of title, and be prima facie superior to the actual possession of defendant."

The judgment here in question is such a judgment. But the judgment having been entered more than a year after the fire and defendant being a stranger to it, the defendant should not be held to be barred thereby from showing that plaintiff had no insurable interest in the property at the time of the fire. However, as already shown, defendant failed so to show, and the evidence is conclusive that the plaintiff, at the time of the fire, was the owner in fee and in possession of the property.

The judgment appealed from is affirmed.