## MINNETONKA STATE BANK v. MINNESOTA STATE SUNSHINE SOCIETY.[1]

October 13, 1933.

No. 29,494.

A. E. Bryngelson, for appellant.

Junell, Driscoll, Fletcher, Dorsey & Barker and Charles B. Howard, for respondent.

HOLT, Justice.

Appellant's appeal is from the order denying its motion for a new trial after findings in favor of respondent.

This is a proceeding to alter the registrar's certificate of title issued to appellant. Both parties are corporations. In 1916 Alice

[1]Reported in 250 N. W. 561.

A. Bardwell caused a village block in Excelsior owned by her to be registered under the Torrens act, and a certificate of title was issued to her by the registrar. The land is now designated as lots 15, 16, 17, and 18 of auditor's subdivision No. 120. This was to abbreviate the description for tax purposes. All conveyances made by Alice A. Bardwell and her assigns subsequent to the registration have been by metes and bounds. For the purpose of making the situation clear without incorporating the lengthy description in the deeds and certificates involved, we insert this rough sketch of that part of auditor's subdivision No. 120 involved herein:

PART OF AUDITOR'S SUBDIVISION No. 120.

Lot 18 is occupied by a drug store. Lot 17 is respondent's property, on the front 30 feet of which, facing Second street, is located its bank building. Lot 16 east of lot 17 is now owned by appellant. Respondent also owns a strip 12 feet wide north of lots 18 and 17 leading to Water street. It may be noted that the north or rear of lot 17 is 11.84 feet wide. The northwest corner of lot 18 is 18 inches higher than Water street, and from that point north the grade of lot 16 rises rapidly. Somewhere on lot 16 is a building known as the White House, and the testimony shows that in 1917 Alice A. Bardwell used a driveway leading from that house to Second street at a point about 22 feet easterly from lot 17. On December 29, 1917, there was filed for registration with the registrar a deed from Alice A. Bardwell to respondent of lot 17, but describing the same by metes and bounds, and following the description these words:

"Together with the following easements or privileges, to-wit: that whenever Alice A. Bardwell, her heirs or assigns, shall build on her land adjoining the easterly side of the above described land that she or her heirs and assigns will erect the same on her extreme westerly line thereof and close to the building on the easterly line of the first above described land, and that she or her heirs or assigns shall on her said westerly side of her building erect a four-foot stairway with stairs to the second story, leading from Second street; a stairway to be owned and used in common by the owners and occupants of each of said buildings. It being understood and agreed that should the said Minnetonka State Bank desire a stairway on the easterly side of their said building before said Alice A. Bardwell shall erect said building, then said Minnetonka State Bank is granted the right and privilege to erect a temporary stairway at said point. The said Alice A. Bardwell grants the said Minnetonka State Bank a right of driveway 12 feet wide to the rear of said first above described land as now used by said Alice A. Bardwell, until such time as a permanent alley is made out and graded."

When the deed was filed with the registrar a certificate of registration of title was issued to respondent describing the easement in

the language of the deed, the old certificate of registration issued to Alice A Bardwell was canceled, and a residue certificate of title issued to her to the remainder of her said registered land, on which was presumably a memorial of the easements granted respondent.

It appears that on January 17, 1921, a conveyance was filed with the registrar from Alice A. Bardwell to the village of Excelsior of the strip of ground to the rear of lots 18 and 17 and indicated on the sketch, and certificate and residue certificate issued. This was evidently intended for an alley. It has not been graded. Respondent has now acquired title to this strip. On January 2, 1926, there was filed with the registrar a conveyance from Alice A. Bardwell to The Woman's Club of Lake Minnetonka of that portion of lot 16 lying east of lot 17, which conveyance reserved or excepted therefrom the easements granted respondent by said Bardwell, in the terms of that deed, also an easement to lay pipes, not questioned in this appeal, and a certificate was issued to the grantee, which, however, contained no memorial of any easements. On September 13, 1929, there was filed with the registrar a conveyance from The Woman's Club of Lake Minnetonka to appellant of the premises described in the certificate of title issued to the club by the registrar; that is, there was no reservation or exception of the right of way or easements granted to respondent by the conveyance filed with the registrar on December 29, 1917, and no memorial was noted of such right of way on the registration certificate issued to appellant.

The assignments of error challenge the main finding that the deed to respondent and the certificate of title issued thereon to respondent by the registrar granted a valid right of way. Appellant stands on its certificate of registration, claiming that, since there is no memorial thereon nor any reservation or exception of easements in the registrar's certificate issued to appellant and it was an innocent good faith purchaser, its title is impregnable and subject to no right of way. This cannot be so, for plaintiff filed with the registrar its conveyance, and a proper certificate of title was issued to it of the land and easements described in the conveyance long before appellant's grantor acquired the title conveyed

to appellant. Of course no error or mistake in the subsequent transfers or registration of the premises described in the residue certificate of title issued to Alice A. Bardwell, at the time respondent received its certificate of title, could in any manner affect or impair the right or title respondent thereby obtained. Suppose respondent's deed and certificate had described the land conveyed in fee as lot 17 and a right of way 12 feet wide over that part of lot 16 next to and adjoining the east boundary line of lot 17, could there be any possible question but that respondent would have been secure in a right of way no matter what errors of commission or omission would thereafter occur in respect to the title to lot 16? But the principal contention of appellant is that the right of way is so indefinite, uncertain, and vague that it is of no validity or effect. It is also asserted that it was temporary and has been superseded by the permanent alley referred to in the grant.

It is true, the right of way granted was intended to last only until "a permanent alley is made out and graded." It also clearly appears that the grantor, Alice A. Bardwell, "made out" such permanent alley by conveying the narrow strip north of lots 18 and 17 to the village of Excelsior. By inference only, it appears that the village did not accept the grant as a public alley, probably because it would be somewhat expensive to grade it; hence it was taxed, sold for taxes, and respondent has acquired the tax title. At any rate, it has not been graded, so the court found that the temporary right of way has not been superseded by "a permanent alley." It is doubtful that the court in a proceeding under 2 Mason Minn. St. 1927, § 8317, to alter a certificate of registration, should go to the extent of determining boundary lines, durations, or locations of right of way or other controversies between adjacent owners. And it is assumed that for that reason neither counsel nor court went into the question as to whether respondent or Alice A. Bardwell or her assigns should "make out and grade" a permanent alley, or whether Alice A. Bardwell did not do all that was required of her when she caused the space for a permanent alley to be conveyed to the village, and whether it was not then the sole duty of respondent to grade the alley so as to make it usable. But it is clear from the

other easement granted with reference to a stairway between buildings contemplated that the permanent alley or right of way was not intended to be where the court in its correction of the certificate locates the right of way. However this may be, we are satisfied that the temporary right of way granted respondent is sufficiently definite to have legal validity. It could be located by ascertaining where the driveway used by Alice A. Bardwell to the rear of lot 17 at that time was located. What can be made certain by following the data or monuments described in the conveyance passes thereby. The driveway Alice A. Bardwell then used over lot 16 to reach the rear of lot 17 could readily be ascertained. So there cannot be said to be such indefiniteness that the easement or right of way granted failed.

Appellant also attacks the conclusions of law and the relief granted. We think the court went further than was warranted in this proceeding by 2 Mason Minn. St. 1927, § 8317. All controversies growing out of the ownerships or claims of different parties to registered land are not to be settled in the summary manner provided by that statute. It is limited to corrections of the records of the registrar of titles and certificates, and to cancel a memorial of a lien, interest, and easement which has ceased or terminated. So here, if the proof had warranted a finding that a permanent alley to the rear of lot 17 had been "made out and graded," it would have warranted an order canceling the easement of a temporary right of way. Under the provisions of § 8317 respondent was not entitled to better or more definite descriptions in the memorial upon appellant's certificate of registration than was contained in its deed of December 29, 1917, and in the certificate of registration issued thereon. The court as a conclusion of law directed this memorial to be entered on appellant's certificate, to-wit:

"The above land is subject to a driveway twelve feet (12') wide, the center line commencing at a point on Second street approximately twenty-two feet (22') east of the easterly line of lot seventeen (17), thence in a northerly and northwesterly direction to the rear of lot seventeen (17), until such time as a permanent alley is made out and graded."

In addition, the certificate of respondent issued December 29, 1917, was corrected so as to contain the same description. There was no mistake claimed in the conveyance of December 29, 1917. The certificate corresponded with the deed. The statute did not authorize the court to change respondent's certificate or the memorial on appellant's any further than to correspond with the description of the right of way as found in respondent's certificate issued December 29, 1917.

We are also of the opinion that § 8317 does not warrant the issuing of an injunction. If injunctive relief is needed it should be obtained in the ordinary action for obstruction of a right of way.

The order is reversed and the proceeding remanded with direction to the trial court to amend the findings and conclusions so as to conform to this opinion.