STATE BANK OF LORETTO v. JOHN LOOSE AND ANOTHER.[1]

October 30, 1936.

No. 30,967.

[1]Reported in 269 N. W. 399.

*Tautges, Eichelzer & Tautges,* for appellant.
*Hursh & Johnson,* for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from a judgment.

On December 31, 1929, defendants were indebted to plaintiff in the sum of $1,500 evidenced by promissory note. To secure payment thereof they executed a chattel mortgage upon certain personal property. The mortgage was promptly and properly filed. Later, there being default under the terms and conditions of the mortgage, plaintiff proceeded to foreclose the same by notice. A sale was had and plaintiff bid in the property. To secure possession of the property so mortgaged and sold, or the value thereof if possession could not be had (defendants being in possession), this action in claim and delivery was brought. Defendants answered claiming that plaintiff's title was invalid for various reasons, amongst others that the foreclosure proceedings were defective in that copies of the notice of foreclosure sale were not posted so as to comply with statutory requirements.

The court made findings sustaining the validity of the mortgage, directing that judgment be entered "that plaintiff is entitled to the possession of the personal property described in said chattel mortgage * * * for the purpose of foreclosure."

The challenged finding to which we direct our attention, the same being determinative of result, is that the foreclosure sale was fatally defective because the notice was not posted in the town of Medina, that being the town in which the mortgaged property was located and had its situs. If the court was right in this regard the other assignments of error are unimportant and need not be considered.

■ There is no dispute respecting the fact that copies of the notice of foreclosure were posted in the city of Minneapolis and there only. The property was located in the town of Medina, in the

same county. The posting of notice is a requirement under 2 Mason Minn. St. 1927, § 8353, which provides among other things that "ten days' posted notice shall also be given." 2 Mason Minn. St. 1927, § 10933(14), as amended by L. 1931, c. 181, § 1, 3 Mason Minn. St. 1934 Supp. § 10933(14), provides:

"* * * The term 'posted notice,' * * * shall mean the posting, at the beginning of the prescribed period of notice, of a copy of the notice or document referred to, in a manner likely to attract attention, in each of three of the most public places in the town, city, district or county to which the subject matter of the notice relates, or in which the thing of which notice is given is to occur or be performed; provided, however, that in any town in which there is located within its geographical limits a city or village, one or more such notices may be posted in such city or village."

The foregoing section obviously requires posting "in each of three of the most public places in the town * * * to which the subject matter of the notice relates." Just as clearly this was not done. Posting in the city of Minneapolis, although within the county, cannot be said to take the place of the statutory requirement that the posting must be in the town in which "the subject matter of the notice relates." The property is described in the mortgage as follows:

"One hollow tile concrete stucco building with full basement 26x32x18 used and occupied as feed mill and feed storage building, together with all fixtures stationary or movable, including furniture, motors, belting, feed mill, spouting and tools contained in building above described, situated on Lot East 30 feet of Lot Five of the Minneapolis, St. Paul & Sault Ste. Marie Railway Company right of way in the town of Loretto, Township of Medina, Hennepin County, Minnesota."

This court has held in Powell v. Hardy, 89 Minn. 229, 231, 94 N. W. 682, 683, that, "considering the object of the notice of a chattel mortgage foreclosure sale, the law should be strictly complied with, in order to protect the rights of the mortgagee and those interested in the property."

In view of the nature of the property, its location and use, it seems clear that posting notices in Minneapolis would not be likely to bring notice to people who in all probability would be interested in acquiring it.

We cannot accept plaintiff's interpretation that posting in Minneapolis, the county seat, complied with statutory requirements. What would be the practical use of such posting if the property were, as is so often the case, farm machinery and implements of farm husbandry, horses, mules, milk cows, hay in stack, or corn in shock? The nature and use of the property here involved furnish ample illustration of the inadequacy of the kind of posting employed by plaintiff. In many of our large counties such as St. Louis, Itasca, and many others, such posting would be utterly useless, a mere gesture wholly unsuited to the very purpose expressed by the statute.

We think the rule to be recognized, now as heretofore, in matters of this kind is that the provisions of the statute with reference to notice of the sale and the posting and service thereof must be strictly followed. See, in addition to the cited case, 11 C. J. p. 705, [§ 503]: "Where the right to sell is based on statute, the provisions of the statute as to sale must be followed."

█ Plaintiff's contention that defendants ratified the sale by requesting ten days' additional time after sale within which to make redemption and that plaintiff consented thereto deserves little comment. Defendants claimed that the balance unpaid upon the secured indebtedness amounted to only $675, plaintiff that the amount exceeded $1,100. The amount admitted by defendants was duly tendered but refused. Clearly there was no ratification. "An entire contract cannot be ratified in part." 2 Dunnell, Minn. Dig. (2 ed.) § 1889. The distinction between ratification and estoppel is pointed out in Steffens v. Nelson, 94 Minn. 365, 368-369, 102 N. W. 871, 873. The court first defined estoppel and then proceeded:

"Ratification, on the other hand, means confirmation. 'To ratify is to give sanction and validity to something done without authority.' Evans, Pr. & Ag. (Bedford's ed.) 90. The underlying prin-

ciple upon which liability for ratification attaches is that he who has commanded is legally responsible for the direct results and for the natural and probable consequences of his conduct, and that it is immaterial whether that command was given before or after the conduct. The substance of estoppel is the inducement to another to act to his prejudice. The substance of ratification is confirmation after conduct."

Here there was no meeting of the minds, as the record abundantly establishes that there were irreconcilable differences respecting the amount to be paid by defendants to get rid of the mortgage indebtedness.

Judgment affirmed.

[1]Reported in 269 N. W. 395.