# JOSEPH P. BRENNAN v. WILLIAM H. FRIEDELL.[1]

June 25, 1943.

No. 33,561.

See 212 Minn. 115, 2 N. W. (2d) 547.

*Christensen & Ronken,* for appellant.

*Richard Manahan,* for respondent.

HENRY M. GALLAGHER, CHIEF JUSTICE.

Plaintiff appeals from an order overruling his demurrer to defendant's answer as not stating "facts sufficient to constitute either

[1]Reported in 10 N. W. (2d) 355.

a defense or counterclaim." The court certified the question to be "important and doubtful."

This action was brought to renew a personal judgment entered January 30, 1933, for $5,459.12. The complaint alleges "that no part thereof has ever been paid except the sum of $3,614.10 paid thereon by execution and sale" on April 2, 1941. The amended answer admits the entry of judgment against defendant, but alleges by way of avoidance that the execution sale was fraudulent and invalid, invalidity being predicated upon the claim that certain stock certificates upon which the levy was made were not in the possession of the sheriff when the levy was made or the sale held, and that the sale price was grossly inadequate. He asks that "the fair and reasonable value of the property so received by plaintiff from defendant be determined and fixed by this court, that he be given the proper credit therefor on the judgment herein, and for such other and further relief as may be just in the premises."

The procedural history of the case is as follows: January 30, 1933, Margaret Kennedy obtained a personal judgment against defendant. In 1937 defendant transferred 37 shares of bank stock owned by him to his wife, Tillie Friedell. In November of the same year Margaret commenced an action to set aside this transfer as in fraud of creditors. That action culminated in findings of fact and order for judgment setting aside the transfer. Defendants appealed from the judgment to this court, and we affirmed. See Brennan v. Friedell, 212 Minn. 115, 2 N. W. (2d) 547, where the facts are fully stated.

Before the appeal was determined here the stock was sold by the sheriff on execution and bought in by Margaret at $100 per share. She died later that year, and plaintiff, as representative of her estate, was substituted for her.

Defendant's contentions before the trial court and here are that the execution sale was invalid because the sheriff did not have physical possession of the stock certificates at the time of levy and sale; that Tillie had the certificates in her possession and hence that persons who might otherwise have been bidders were deterred from

bidding; and, lastly, that the stock was sold at a price much less than its actual worth.

The levy and sale are not challenged upon any other grounds. Plaintiff therefore properly contends that the demurrer should have been sustained since the levy and execution sale were conducted in complete compliance with statutory requirements; that defendant had notice and full knowledge thereof; and that any objections he might have had should have been raised in a direct attack to set the sale aside and may not now be raised in the manner here attempted. *Cf.* 3 Dunnell, Dig. § 3502, and cases under note 99.

■ The uniform stock transfer act does not apply in this case inasmuch as the involved certificates had been issued prior to the effective date of the act. Minn. St. 1941, § 302.22 (Mason St. 1940 Supp. § 7492-93). The levy and sale were conducted pursuant to *Id.* §§ 570.05 and 550.14 (§§ 9346 and 9429), under which physical possession of the certificates by the sheriff at the time of making the sale was not necessary.

■ The fact that the certificates were in the possession of Tillie pending the appeal is likewise immaterial. The rule is that a judgment creditor who claims that his debtor has made a transfer in fraud of creditors may disregard the transfer and levy upon the property by execution and leave the issue of fraudulent transfer to be later determined. 3 Dunnell, Dig. & Supp. § 3906, and cases there cited. Inasmuch as such a sale will not be restrained by injunction (*Id.* § 3906, and cases under note 84), it is even more clear that the assertion of such a claim after the sale and after a determination of the transfer as being fraudulent in fact cannot be permitted to stand in the way.

■ The claim that the price received upon the sale of the stock was less than the actual value thereof does not, standing alone, invalidate it. St. Paul T. & S. Bank v. Olson, 52 N. D. 315, 202 N. W. 472; Stearns v. Carlson, 162 Minn. 469, 203 N. W. 212; Johnson v. Avery, 60 Minn. 262, 62 N. W. 283, 51 A. S. R. 529; Northland Pine Co. v. Northern Insulating Co. 145 Minn. 395, 177 N. W. 635; 33 C. J. S., Executions, p. 492, § 233.

■ Since the answer contains nothing upon which to build a defense or counterclaim, it follows that plaintiff's demurrer should be sustained, and the trial court's order holding otherwise is accordingly reversed.

Order reversed.