## OLAF JALLO v. KNUTE JALLO AND OTHERS.[1]

January 26, 1945.

No. 33,932.

*Malmberg & Nelson,* for appellants.
*M. J. Hegland,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an appeal by certain of the defendants from an order denying their motion to vacate a judgment entered in partition proceedings and from the judgment. The motion was based upon the grounds that (1) no proper notice of sale was given by the referees; (2) the judgment directed the referees to convey title to

[1]Reported in 17 N. W. (2d) 710.

premises other than those involved in the proceedings and omitted parcels which were involved; and (3) the premises were sold for a grossly inadequate price.

The land in question, which was owned by plaintiff and defendants as tenants in common, consists of 520 acres in Roseau county described as follows:

Lots 1, 2, 3, and 4 and S-½ NW-¼ and S-½ NE-¼ of section 5, township 161, range 40, as one farm and as one parcel, and lots 3 and 4 and S-½ NW-¼ of section 4, township 161, range 40, and SE-¼ SE-¼ of section 33, township 162, range 40.

The latter 40 acres are involved here.

In September 1940 this action was commenced. The complaint alleged the value of the premises to be $14,000 and prayed for a partition thereof, or, in the event partition could not be made without prejudice to the owners, for a sale in accordance with the statutes.

Defendants John Jallo, Annie Olson, and Marcus Lauritsen interposed a joint answer seeking dismissal of the action, or, in the event dismissal were denied, an accounting by defendant Albert Jallo for rentals due from him on the premises. Defendant Albert Jallo's answer admitted the allegations of the complaint except those relating to the value of the land, which he alleged did not exceed $7,000 in value, and further alleged that partition could not be made without great prejudice to the owners.

The trial court made findings and conclusions granting plaintiff judgment for partition. The referees appointed for such purpose subsequently reported to the court that partition could not be made without great prejudice to the owners. Thereupon, on August 14, 1943, the court made its order directing the referees to sell all the real estate at a public sale after due notice as provided by law.

The referees caused notice of sale to be published as required by statute. However, the notice incorrectly described the SE-¼ of the SE-¼ of section 33, township *162*, range 40, as "SE-¼ SE-¼,

Section 33, Township *161,* Range 40." On October 9, 1943, the referees made a report to the court that they had offered the premises, correctly described, for sale, first as two distinct farms, and, finding no separate bidders, then as one parcel, and had received a bid of $4,000 therefor. They recommended that the bid be rejected as not commensurate with the fair market value of the premises. On October 25, 1943, the court made its order directing the referees to reject said bid and ordering them again to offer said premises for sale after due notice as provided by law.

The referees made and published a second notice of sale dated November 15, 1943, wherein the same error again appeared with respect to the quarter section last described. At this sale, the premises, correctly described, were offered, and one D. O. Berge bid therefor the sum of $6,100. On January 8, 1944, the referees made their report to the court on the second sale, wherein they correctly described the premises and stated:

"That at the time and place of sale aforesaid, and after announcing the terms of sale, the following premises were offered for sale to the highest bidder, namely:

"Lots 1, 2, 3 and 4 and S-½ NW-¼ and SW-½ NE-¼ of section 5, township 161, range 40, as one farm and as one parcel, and

"Lots 3 and 4, and S-½ NW-¼ of section 4, township 161, range 40, and SE-¼ SE-¼ section 33, township one hundred sixty-two *(162),* range forty (40).

"All of said premises were then offered for sale in one farm or parcel, and D. O. Berge made an offer of $6,100.00 and this being the highest offer made, said premises as one parcel or farm was sold to the said D. O. Berge for the sum of $6,100.00 subject however to the approval of the court in the above entitled action." (Italics supplied.)

The referees further reported that they regarded the offer as fair and reasonable and not disproportionate to the value of the premises and recommended that the bid be accepted and approved by the court.

On January 18, 1944, the court made an order directed to all parties in the proceedings ordering a hearing on the referees' final report, as well as on the rights of the parties to the proceeds of the sale if it should be approved. Notice of this hearing was served on all such parties, but no one appeared in opposition to the report except defendant Albert Jallo, who opposed confirmation on the ground that the price was inadequate.

On February 16, 1944, the court made findings and conclusions and ordered judgment approving the sale and the report of the referees and directing distribution of the proceeds thereof. Therein the court, in describing the premises, made the same error that appeared in both notices. Judgment was entered, which likewise erroneously described the quarter section referred to.

By virtue of the foregoing judgment, the referees were directed to execute and deliver to D. O. Berge, upon the payment by him of $6,100, a sufficient conveyance for the transmission of title, free from all encumbrances, of the premises "described" therein. The trial court's memorandum indicates that the purchaser had paid his money to the referees; that it has been distributed to and accepted by some of the interested parties; and that some of it has been expended for the payment of taxes on the premises. From this it may be assumed that conveyance has been made and possession of the premises delivered to the purchaser.

Minn. St. 1941, § 558.14 (Mason St. 1927, § 9537), provides:

"'* * * when, * * * referees are appointed to make partition, who report that the property, * * * is so situated that partition cannot be had without great prejudice to the owners, and the court is satisfied that such report is correct, it may order the referees to sell the property or such part.'"

Section 558.17 (1940 Supp. § 9540) provides:

"The sale may be by public auction to the highest bidder for cash, upon published notice in the manner required for the sale of real property on execution."

Section 550.18 (Mason St. 1927, § 9433), which establishes the manner for giving notice of sale on execution, provides:

"Before the sale of property on execution notice shall be given as follows:

\* \* \* \* \*

"(2) If the sale be of real property, on execution or on judgment, by six weeks' posted and published notice of the time and place thereof, describing the property with sufficient certainty to enable a person of common understanding to identify it.

"An officer who sells without such notice shall forfeit $100.00 to the party aggrieved, in addition to his actual damages; and a person who before the sale or the satisfaction of the execution, and without the consent of the parties, takes down or defaces the notice posted, shall forfeit $50.00; *but the validity of the sale shall not be affected by either act, either as to third persons or parties to the action.*" (Italics supplied.)

This court in construing the latter section of the above statute has held that a defect in a notice of sale under execution, with reference to the date thereof, does not render the sale invalid. Thus, in White v. Leeds Importing Co. 72 Minn. 352, 355, 75 N. W. 595, 596, 71 A. S. R. 488, this principle was stated as follows:

"He was also charged by the records with constructive notice of the defect in the sheriff's notice of sale; but this was not very suggestive, in view of the statute providing that an officer's selling without giving the prescribed notice does not affect the validity of the sale, 'either as to third parties, or parties to the action.'"

Appellants rely upon Herrick v. Ammerman, 32 Minn. 544, 21 N. W. 836, and Herrick v. Morrill, 37 Minn. 250, 33 N. W. 849, 5 A. S. R. 841. However, in those cases, which both relate to the same execution sale, this court determined merely that a sheriff's certificate of sale on execution wherein the premises were incorrectly described did not effectively convey title to the premises actually involved, and that such certificate could not be aided by the description in the notice of the sale which contained the same

defect. In Herrick v. Ammerman, it was stated (32 Minn. 547, 21 N. W. 838):

"* * * It must be borne in mind that *this certificate* takes effect only as the execution of a statutory power, and hence should be construed with some strictness, so as to enable the purchaser to identify the land he is bidding on, and the owner to ascertain what to redeem." (Italics supplied.)

The court did not consider the defective notice of sale; but, had it done so, no doubt under § 550.18 above referred to it would have been obligated to construe such defects as immaterial.

Likewise, Bell v. McLaren, 89 Minn. 24, 93 N. W. 515, relied on by appellants, does not relate to the above statute governing sales on execution or the notices to be published in connection therewith, but rather to an incorrect description in a tax deed. The same contention made by appellants here was considered by the New York court in construing a statute similar to the Minnesota statute, in Lefevre v. Laraway, 22 Barb. (N. Y.) 167, 171, where the court stated:

"* * * It is apparent * * * that all the provisions of the title in relation to the notice of sales by sheriffs on execution, are made applicable to sales of lands under a judgment in partition. * * * If this be a correct conclusion, then, if the referee in this case had omitted altogether to give a notice of sale, the sale to the purchasers would not have been invalid; if made in good faith without notice of any such omission. *If an entire omission to give notice of the sale would not invalidate the sale, certainly a defective and irregular notice could not have this effect."* (Italics supplied.)

The United States Circuit Court of Appeals in construing the Minnesota statute arrived at a like conclusion. Thus, in Bigelow v. Chatterton (8 Cir.) 51 F. 614, 621, it was stated:

"* * * Another objection is that the requisite notice of the sale on execution of the attached property was not given by the sheriff. The statute (Gen. St. Minn. 1878, c. 66, § 318) expressly provides

that the failure of the sheriff to give the required notice of the sale of lands on execution shall not affect the validity of the sale, 'either as to third persons or parties to the action.' "

Under the foregoing authorities, we are of the opinion that the defective notices of sale here did not render the sale invalid. In this connection it is to be recalled that, although incorrectly described in the notices, the correct premises were actually offered for sale and bid on at the time of the sale, and that the purchaser at such sale is not contesting the validity thereof. Insofar as the errors in the findings and judgment are concerned, it is obvious that, having been made subsequent to the sale, such errors could not invalidate it, particularly where none of the parties have been prejudiced thereby. The court may, upon proper motion of the parties or upon its own motion, correct the findings and judgment, but such corrections would not affect the validity of the sale already consummated.

■ Appellants further assert that the sale should be set aside because of the inadequacy of the price. In support thereof they have filed affidavits of neighboring residents which in effect assert that the value of the premises here is anywhere from $7,000 to $12,000. Two of such affidavits place a value of $7,950 on the premises. One of the appellants in his answer set forth that the value of the premises was $7,000.

The premises were sold on two different occasions, the first time for $4,000 and the second time for $6,100. The first sale was rejected and the second sale affirmed. In view of the conflicting statements of the parties to these proceedings, the care taken in connection with the sale, and the court's careful consideration of this fact question, we are of the opinion that there was no abuse of discretion on the part of the trial court in refusing to set aside its judgment on this ground.

When the second sale was reported, all parties were given notice of the hearing and had the right to come in and oppose confirmation if they deemed the price inadequate. Albert Jallo did object to the sale at $6,100. He is the party who alleged in his answer

that the value was $7,000. In objecting to the confirmation, he stated that in his opinion the value of the land was the same as the appraisal in the probate court in the administration of the estate of one of the parents of the parties hereto. That appraisal was for $6,360. The purchaser here has made improvements on the premises. He has paid taxes, planted crops, and otherwise expended his funds relying upon the validity of the sale after its confirmation by the court. In Grimm v. Grimm, 190 Minn. 474, 476, 252 N. W. 231, 232, it was said:

"It may be that a better price should have been had. It may be that a resale was advisable. Still, there is evidence to support the trial court's view; and the trial court is in much better position than this court to apply the evidence and determine whether the sale was a prudent one."

See, also, Smith v. Wright, 195 Minn. 589, 263 N. W. 903; Brennan v. Friedell, 215 Minn. 499, 10 N. W. (2d) 355.

With this rule in mind, we hold that the order and judgment must be affirmed.

Affirmed.