## FIDELITY AND DEPOSIT COMPANY OF MARYLAND v. WILFRED J. RIOPELLE.

216 N. W. 2d 674.

March 1, 1974—No. 44025.

*Lang & Pauly* and *William W. Warren,* for appellant.

*Hamerston, Bye, Mitchell & Agnew* and *Jerome P. Agnew,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, Todd, and Scott, JJ., and considered and decided by the court.

TODD, JUSTICE.

Petitioner, a creditor-purchaser under an execution sale, appeals from a denial of its application for a new certificate of title. The lower court held the certificate of sale was void because of an improperly dated notice of levy and improper posting of notice of sale. We reverse.

Petitioner obtained judgment in the sum of $99,866.93, plus $18,234.02 attorneys' fees and costs, against objector-respondent on August 22, 1968, in the United States District Court for the Western District of Missouri, Western Division. Certified copies of this judgment were filed in the United States District Court, District of Minnesota, Fifth Division, and registered upon a certificate of title, No. 163239, filed in the office of the registrar of titles, St. Louis County, Minnesota, and covering a tract in said county owned by respondent. The validity of this judgment, its docketing in the Federal District Court in Minnesota, and its memorialization on the certificate of title are not in issue in these proceedings.

Thereafter, on June 30, 1970, a writ of execution was issued to the United States marshal by the clerk of the Federal District Court. At the same time, a document entitled "notice of levy," which had been prepared by appellant's attorneys and bore the date June 26, 1970, was delivered to the marshal. The United States marshal made demand on respondent for satisfaction of the judgment and was refused. The marshal noted the date and time of execution upon the writ and caused the notice of levy form to be completed to reflect the date of service of the writ of execution as June 30, 1970. He then served the notice of levy, together with a certified copy of the writ of execution, upon respondent and upon the United States postmaster at Proctor, Minnesota, since the subject property was being leased by the United States Government for post office purposes. In addition, he served copies upon the registrar of titles of St. Louis County which were memorialized on the certificate of title.

A notice of sale was prepared, published in the Duluth Herald newspaper, and posted in three public places in St. Louis County —the United States post office in Proctor, the St. Louis County courthouse in Duluth, and the Federal courthouse in Duluth. A copy was also served upon respondent. Subsequently, an amended notice of sale reflecting a change in the date of sale was prepared, published, posted, and served in the same manner as the original notice of sale.

Pursuant to the notice of sale, the United States marshal conducted the sale on September 4, 1970, at the post office in Proctor. The property was sold to appellant for the sum of $20,000, this being the only bid received. The proper documents were memorialized on the certificate of title. The year of redemption provided by Minnesota statute expired without any action by respondent.

Appellant then filed a petition subsequent to initial registration with the District Court of St. Louis County, reciting the above facts and requesting the court to cancel certificate of title No. 163239 and issue a new certificate of title. The examiner of

titles approved the petition and recommended that a copy of an order to show cause why a new certificate should not issue be served on respondent.

Respondent appeared in response to the order to show cause and challenged the proceedings on several grounds. The trial court properly rejected respondent's challenge on grounds other than the question involving the dating of the notice of levy and the posting of the notice. However, the trial court refused to cancel the owner's certificate of title and issue a new certificate to petitioner on the grounds that the certificate of sale was void because the notice of levy was dated before the writ of execution and the notice of sale was not posted in three public places within the village of Proctor, where the real estate was located.

■ In disposing of the issues raised on this appeal, we must examine both the proceedings and the grounds for the trial court's decision. Appellant commenced proceedings subsequent to initial registration under District Court Rules, Part II, Rules 13, 14, 15, and 16, and the provisions of Minn. St. 508.67 which provide in part:

"Upon the expiration of the time allowed by law for redemption of registered land, after it has been set off, or sold on execution, or taken or sold for the enforcement of any lien, or charge of any nature, the person who claims under such execution, or under any certificate, deed, or other instrument made in the course of proceedings to enforce such execution or lien, may apply to the court for an order directing the entry of a new certificate to him, and upon such notice, the court may require, the petition shall be heard and a proper order or decree rendered therein."

Appellant contends that the execution sale which is the basis for the issuance of a new certificate of title cannot be collaterally attacked in these proceedings. Respondent contends that the purpose of providing for notice is to permit the raising of any questions about the title of the petitioner, including attack upon the validity of the execution sale.

An article on registration of titles by R. G. Patton and Carroll G. Patton, recognized authorities on real estate law in the State of Minnesota and, at the time of the writing, the referees and examiners of title for the District Court of Hennepin County, appears in 29 M. S. A. p. 435. The authors make the following comment with reference to proceedings subsequent to initial registration (29 M. S. A. p. 488):

"The other class of such cases comprises proceedings as to the hearing of which there are parties in interest who must be notified in order to constitute due process of law and in order to keep the title to the land involved an adjudicated title. However, even they are of a summary nature; heard, with the exception noted in the next preceding section, on the order to show cause which the rules prescribe for the notice specified by the statute. To the extent that such proceedings are authorized, they offer opportunity for a final adjudication the same as a judgment entered in an action commenced by service of summons. However, their use is limited to the purposes outlined by the act and they may not be used in lieu of other well defined forms of action, such as injunction, foreclosures, etc."

Minnetonka State Bank v. Minnesota State Sunshine Society, 189 Minn. 560, 250 N. W. 561 (1933), cited in the article, involved proceedings to alter a certificate of title subsequent to initial registration. Although the proceedings here are different, we did there indicate that not all controversies arising out of the ownerships or claims of different parties to registered land are to be settled in a summary proceeding subsequent to original registration. That proceeding, we said, is limited to corrections of the records of the registrar of titles and to cancellation of a memorial of an interest which has terminated.

We have held that a judgment which is valid upon its face is not subject to collateral attack. Jones v. Wellcome, 141 Minn. 352, 355, 170 N. W. 224, 226 (1919); Dean v. Rees, 208 Minn. 38, 41, 292 N. W. 765, 767 (1940); Northwest Holding Co. v. Evanson,

265 Minn. 562, 569, 122 N. W. 2d 596, 601 (1963). See, also, Note, 24 Minn. L. Rev. 804, 818, 823.

In Brennan v. Friedell, 215 Minn. 499, 10 N. W. 2d 355 (1943), which involved a proceeding to renew a judgment, the defendant sought to raise as a defense defects in an execution sale held in partial satisfaction of the judgment. In holding that such an attack was collateral to the proceedings, we said (215 Minn. 501, 10 N. W. 2d 356):

"* * * Plaintiff therefore properly contends that the demurrer should have been sustained since the levy and execution sale were conducted in complete compliance with statutory requirements; that defendant had notice and full knowledge thereof; and that any objections he might have had should have been raised in a direct attack to set the sale aside and may not now be raised in the manner here attempted."

In Fuller v. Mohawk Fire Ins. Co. 187 Minn. 447, 245 N. W. 617 (1932), plaintiff sought recovery under a fire insurance policy. The defendant claimed that plaintiff was not the owner at the time of the fire because a mortgage given by plaintiff had been foreclosed and plaintiff had not redeemed. In allowing plaintiff's claim, we said (187 Minn. 449, 245 N. W. 618):

"It is conceded that the foreclosure sale in question was void in its inception because of failure to publish the notice thereof for the statutory length of time. The fact that the foreclosure record, including the sheriff's certificate, was filed and entered in the office of the registrar of titles does not aid the defendant, for those papers show on their face the invalidity of the foreclosure sale."

We hold that a certificate of sale on execution which is valid on its face cannot be attacked in a proceeding subsequent to initial registration and that defects not disclosed on the face of the certificate must be challenged in a direct action to set aside the sale. The registered owner of the property is entitled to notice of the proceedings subsequent to initial registration and may

raise issues such as invalidity of the execution sale on its face, satisfaction of the judgment, or redemption from the sale.

▮ In applying the rule herein adopted to the facts of this case, we are mindful of our rule that the validity of a sale authorized by statute depends upon strict compliance with statutory provisions relating to the notice of sale and posting thereof. Montour v. Purdy, 11 Minn. 278 (384) (1866); State Bank of Loretto v. Loose, 198 Minn. 222, 269 N. W. 399 (1936).

The statutory requirements for an execution sale are as follows:

. Minn. St. 550.08 provides:

"The officer shall execute the writ against the property of the judgment debtor by levying upon the same, collecting the things in action, or selling the same if the court so orders, selling the other property, except as provided in section 550.09, and paying to the judgment creditor the proceeds, or so much thereof as will satisfy the execution."

Minn. St. 550.11 provides in part:

"It shall be deemed a sufficient levy upon property subject to the lien of the judgment if the officer make a minute on the execution, stating the time when it was delivered to him, and that at such time he levied upon such property, describing it."

Minn. St. 550.18 sets forth the requirements of notice of an execution sale. That section provides:

"Before the sale of property on execution notice shall be given as follows:

"(1) If the sale be of personal property, by giving ten days posted notice of the time and place thereof;

"(2) If the sale be of real property, on execution or on judgment, by six weeks posted and published notice of the time and place thereof, describing the property with sufficient certainty to enable a person of common understanding to identify it.

"An officer who sells without such notice shall forfeit $100

to the party aggrieved, in addition to his actual damages; and a person who before the sale or the satisfaction of the execution, and without the consent of the parties, takes down or defaces the notice posted, shall forfeit $50; but the validity of the sale shall not be affected by either act, either as to third persons or parties to the action."

Minn. St. 645.12, subd. 1, defines "posted notice" and states:

"The term 'posted notice,' when used in reference to the giving of notice in any proceeding or the service of any summons, order, or process in judicial proceedings, means the posting, at the beginning of the prescribed period of notice, of a copy of the notice or document referred to, in a manner likely to attract attention, in each of three of the most public places in the town, city, district, or county to which the subject matter of the notice relates, or in which the thing of which notice is given is to occur or to be performed."

The trial court found the certificate of sale to be void because the document entitled "notice of levy" was dated prior to the date the writ of execution was issued. However, a careful examination of the statutes and our cases interpreting them disclose no requirement that there be issued a notice of levy in order to effectuate an execution sale. In this case, the United States marshal noted the date and time of the execution and levy in his return of execution. We have held that there need be no formal levy where a judgment was a lien upon real property. Carlson v. Smith, 127 Minn. 203, 149 N. W. 199 (1914); Bidwell v. Coleman, 11 Minn. 45 (78) (1865); Folsom v. Carli, 5 Minn. 264 (333) (1861).

In this case, the marshal performed all tasks required of him in levying on the real estate in question. Therefore, the use of the document entitled "notice of levy," which was not required by our statutes, cannot invalidate his actions. Nor can respondent claim he was misled by the dating of the notice of levy since the body of the instrument referred to the writ of execution and its

proper date and a copy of the writ was served on him. We hold that the trial court erred in holding that a document not required by our statutes to effectuate a levy on real property could be the basis for declaring the certificate of sale invalid on its face.

■ The trial court further found that the certificate of sale was invalid because posting of the notice of sale was not properly carried out and did not conform to the provisions of Minn. St. 645.12, subd. 1. If our statutes require compliance with § 645.12, subd. 1, the sale would be invalid since the defect would appear on the face of the return of service, which detailed the marshal's actions with respect to posting copies of the notice of sale. The trial court made limited findings without an accompanying memorandum, but indicated that it had reviewed the memoranda of counsel. The respondent's position before the trial court was that the three posted notices required by our statute must be posted within the village limits of Proctor, where the property was located. He cited as authority for this proposition State Bank of Loretto v. Loose, *supra.*

In the Loretto case the plaintiff foreclosed its chattel mortgage by notice, purchased the chattels at the sale, and brought an action in claim and delivery for possession of the property. The defendant alleged that plaintiff's title was invalid for defects in the foreclosure proceedings, the critical one being that copies of the notice of sale were not posted so as to comply with the requirements of Mason St. 1927, § 10933(14), as amended by L. 1931, c. 181, § 1.[1] The property involved was described as follows:

"One hollow tile concrete stucco building with full basement 26x32x18 used and occupied as feed mill and feed storage building, together with all fixtures stationary or movable, including furniture, motors, belting, feed mill, spouting and tools contained in building above described, situated on Lot East 30 feet of Lot Five of the Minneapolis, St. Paul & Sault Ste. Marie Rail-

---

[1] This provision was substantially the same as Minn. St. 645.12, subd. 1.

way Company right of way in the town of Loretto, Township of Medina, Hennepin County, Minnesota." 198 Minn. 224, 269 N. W. 400.

Each of the three notices was posted in Minneapolis. The town of Loretto was within Hennepin County but was located some 20 miles from Minneapolis. This court affirmed the district court's judgment determining that plaintiff's title was invalid. We held that posting in the county seat did not comply with the statutory requirements. Recognizing that the notice requirements should be strictly complied with so as "to protect the rights of the mortgagee and those interested in the property," we stated the reasons for finding the posting inadequate:

"In view of the nature of the property, its location and use, it seems clear that posting notices in Minneapolis would not be likely to bring notice to people who in all probability would be interested in acquiring it.

"We cannot accept plaintiff's interpretation that posting in Minneapolis, the county seat, complied with statutory requirements. What would be the practical use of such posting if the property were, as is so often the case, farm machinery and implements of farm husbandry, horses, mules, milk cows, hay in stack, or corn in shock? The nature and use of the property here involved furnish ample illustration of the inadequacy of the kind of posting employed by plaintiff. In many of our large counties such as St. Louis, Itasca, and many others, such posting would be utterly useless, a mere gesture wholly unsuited to the very purpose expressed by the statute." 198 Minn. 224, 225, 269 N. W. 400.

The Loretto case is distinguishable and not applicable to execution sales involving real estate. The place of posting under § 645.12, subd. 1, is stated in the disjunctive, namely, town, city, district, *or* county to which the subject matter of the notice relates, *or* in which the thing of which notice is given is to occur or to be performed. Our court in Loretto focused on the nature

of the property, its location and use, and the need to attract the attention of prospective purchasers.

We will not extend the ruling of the Loretto case to real property. The statutory requirements for sale of real estate require publication in addition to posting. Minn. St. 550.18. In addition, § 550.18(2) relating to notice of sale of real estate requires that the property be described with sufficient certainty to enable a person of common understanding to identify it.

The plain meaning of the language of the last paragraph of § 550.18 is that the sole remedy for lack of notice (and presumably for defects in notice) is recovery of actual damages plus $100 from the officer responsible for such notice. The additional provision in § 550.18, or its predecessors, that the validity of the sale shall not be affected by lack of notice, "either as to third persons or parties to the action," has been cited in refusing actions to invalidate execution sales in the following cases: White v. Leeds Importing Co. 72 Minn. 352, 75 N. W. 595, 761 (1898), holding that notice giving the wrong date of sale did not invalidate sale; McNair v. Toler, 21 Minn. 175 (1875), holding that failure to give notice did not invalidate sale; Jallo v. Jallo, 219 Minn. 241, 17 N. W. 2d 710 (1945), holding that incorrect description of land in notice did not invalidate sale; and Bigelow v. Chatterton, 51 F. 614 (8 Cir. 1892), holding that failure to give notice of sale on attachment did not invalidate sale.

In Jallo, Mr. Justice Thomas Gallagher cited the following language of the New York court which considered a statute similar to ours in Lefevre v. Laraway, 22 Barb. (N. Y.) 167, 171 (1856):

"'* * * It is apparent * * * that all the provisions of the title in relation to the notice of sales by sheriffs on execution, are made applicable to sales of lands under a judgment in partition. * * * If this be a correct conclusion, then, if the referee in this case had omitted altogether to give a notice of sale, the sale to the purchasers would not have been invalid; if made in good faith without notice of any such omission. *If an entire omission to give notice of the sale would not invalidate the sale, cer-*

*tainly a defective and irregular notice could not have this effect.'* (Italics supplied.)" 219 Minn. 246, 17 N. W. 2d 712.

We hold that the requirements of our statute regarding posting notice of execution sales of real property are satisfied by posting in three public places within the county in which the property is located. The return of service made by the United States marshal who did the posting shows compliance with the statute. Therefore, it cannot be a ground to invalidate the sale.

We need not consider the other issues raised by the parties.

Reversed and remanded with instructions to grant the petition of appellant for issuance of a new certificate of title.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.