# JOSEPH A. HENRY v. WILLIAM G. WHITE and Another.[1]

October 17, 1913.

Nos. 18,378—(229).

**Registration of title — fraudulent judgment.**

1. Where, in proceedings under the Torrens act, to register title, a judgment is procured by fraud on the part of the applicant in failing to name as parties or serve claimants known to him, it is not binding upon such omitted claimants.

**When such judgment may be attacked collaterally.**

2. If the want of jurisdiction due to the failure to serve known claimants appears from the judgment roll itself, the judgment is void as against such claimants and may be attacked collaterally. Where such want of jurisdiction does not appear from the judgment roll itself, the judgment is not subject to collateral attack, though the applicant fraudulently concealed the existence of a known claimant.

**Purchaser for value without notice protected.**

3. Where the existence of such claimant does not appear from the judgment roll itself, or the proceedings, and where such proceedings are absolutely regular on their face, one who purchases from the registered owner for a valuable consideration in reliance upon the judgment and without notice or anything to put him on inquiry, takes the title free from all incumbrances and adverse claims except those noted on the certificate.

Action in the district court for Ramsey county to foreclose a mortgage executed by defendant Gould. The case was tried before Dickson, J., who made findings of fact which are summarized in the opinion and ordered judgment in favor of defendant White. From an order denying plaintiff's motion for a new trial, Orr, J., he appealed. Affirmed.

*Lloyd Peabody,* for appellant.
*William G. White,* for respondent.

BUNN, J.

This action was to foreclose a mortgage made to plaintiff by de-

[1] Reported in 143 N. W. 324.

fendant Gould. The trial resulted in a decision that defendant White was the owner of the real estate free from any claim of plaintiff on account of his mortgage. Plaintiff appealed from an order denying a new trial.

The assignments of error attack the conclusions of law, but not the findings of fact, which may be summarized as follows:

Gould owned a lot in St. Paul and on December 1, 1908, executed and delivered to plaintiff a promissory note for $300, and a mortgage on the lot to secure the note. At the time the note and mortgage were delivered to plaintiff, Gould represented that he desired to register the title to the land, and requested plaintiff to refrain from recording the mortgage, promising that he would have the decree in the registration proceedings provide that the mortgage was a first lien on the premises. Plaintiff relied on these representations and did not record his mortgage. Gould made application to register his title, but did not in the application or otherwise disclose the fact that plaintiff owned a mortgage on the premises. Plaintiff was not made a party to the proceedings. The decree was thereafter duly entered adjudging Gould to be the owner of the premises free from all incumbrances, and the premises were thereafter registered in the name of Gould free and clear of the mortgage of plaintiff. Thereafter, and in furtherance of his purpose to defraud plaintiff, Gould conveyed the premises to defendant White, who paid a valuable consideration therefor. White had no knowledge or notice of the existence of the mortgage, and in purchasing the premises relied upon the decree and the certificate in the registration proceedings. As a part of the transaction, the owner's duplicate certificate held by Gould was surrendered to and cancelled by the registrar of titles, who then registered the title in the name of defendant White free from all incumbrances, caused the original certificate of registration to be entered and recorded, and delivered an owner's duplicate certificate to defendant.

We have then this case: The owner of land makes application to register his title, and fraudulently omits to disclose the existence of an unrecorded mortgage, or to make the mortgagee a party. The proceedings are in all respects regular, and a decree is entered that

makes no mention of any mortgage. The owner then conveys the land for a valuable consideration to a purchaser, who relies on the registration proceedings, and has no notice or knowledge that there is a mortgage on the property. The question is: Does the purchaser take the title free from the lien of the mortgage?

This question must be and is answered in the affirmative. To hold otherwise would not only wholly destroy the indefeasible character of a Torrens title, but also give an unrecorded conveyance priority as against a subsequent purchaser in good faith for a valuable consideration whose conveyance is first duly recorded, in direct opposition to the provisions of the recording act, R. L. 1905, § 3357. If Gould had not registered his title, and White had in good faith and for a valuable consideration purchased the land and recorded his deed, there can be no doubt that he would take the title free from the lien of an unrecorded mortgage of which he had no notice. It surely cannot be held that a decree in registration proceedings, regular in all respects, removes this protection of the innocent purchaser. It is admitted that nothing in these proceedings would cause one who examined them to suspect the existence of any lien or fraud on the part of the applicant. It is difficult to see what would remain of the indefeasible character of a Torrens title, if the decree is open to collateral attack as against one who purchases in good faith for a valuable consideration, and with nothing to put him on inquiry as to fraud on the part of the applicant. It would seem unnecessary to say again that the purpose of the statute, R. L. 1905, § 3393, was to create an indefeasible title in the person adjudged to be the owner. The basic principle of the system is the registration of the title to land instead of registering only the evidence of such title. A title is created by the decree and certificate of registration. State v. Westfall, 85 Minn. 437, 89 N. W. 175, 57 L.R.A. 297, 89 Am. St. 571; Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 Am. St. 394; Riley v. Pearson, 120 Minn. 210, 139 N. W. 361. Where the decree is procured by fraud, actual or constructive, as where claimants known to the applicant are not named as parties or served in the proceedings, it does not bind the claimants so omitted. If the want of jurisdiction due to the failure to serve known claimants

appears affirmatively from the judgment roll itself, the judgment is void as against such claimants and may be attacked collaterally. Riley v. Pearson, supra. But where neither in the proceedings themselves or by the records, the existence of an unnamed claimant is shown, though the applicant knows that there is such a claimant, the want of jurisdiction does not appear from the judgment roll itself, and the decree is not subject to collateral attack.

In Riley v. Pearson, the fact that known claimants were omitted appeared from the judgment roll itself, as well as from the records in the office of the register of deeds. No question of innocent purchaser was involved in that case. It may be correct, though we do not so decide, that a decree that is void and subject to collateral attack would not be validated by a transfer of the title to a purchaser, though he paid a valuable consideration and had no actual notice of the facts which made the decree void. But where, as in the instant case, the fraud or want of jurisdiction does not appear from the judgment or the proceedings, and where such proceedings are absolutely regular on their face, one who purchases from the registered owner for a valuable consideration, in reliance upon the judgment and without notice or anything to put him on inquiry, takes the title free from all "incumbrances and adverse claims, excepting only such estates, mortgages, liens, charges and interests as may be noted in the last certificate of title in the office of the registrar." R. L. 1905, § 3393.

Order affirmed.