## H. H. MILLER v. NORWICH UNION INDEMNITY COMPANY AND ANOTHER.[1]

February 8, 1935.

No. 30,006.

*E. E. Eder* and *L. G. Fassett,. Jr.,* for appellant.

*Ernest E. Watson,* for respondent Norwich Union Indemnity Company.

HILTON, JUSTICE.

This is an action to reform a policy of public liability insurance so as to designate and name plaintiff as the assured therein in place of the Kenesaw Hotel Company, a corporation, and for the recovery of damages thereunder as so reformed. Plaintiff alleged that he was not named as the assured in the policy because of mis-

[1]Reported in 258 N. W. 747.

take or fraud on the part of defendants. The case was tried to the court without a jury. The action was dismissed as to the defendant Arthur P. Smith Company. The court's findings were that on or about August 27, 1926, plaintiff made application to defendant Norwich Union Indemnity Company by and through its agent, the defendant Arthur P. Smith Company, for a policy of public liability insurance to protect the said Kenesaw Hotel Company from liability for accidents happening in and about its hotel property, and that subsequently and pursuant to said application said policy was duly issued. Plaintiff appeals from the order denying his motion for new trial, his claim being that the findings are contrary to the evidence. No other point is raised.

At all the times referred to herein plaintiff was an officer (vice president) of the Morris T. Baker Company, in charge of its rental department, and he also supervised the insurance department of that company. Since January, 1926, all insurance for that company was brokered with defendant Arthur P. Smith Company, a corporation, general agent in Minnesota for the defendant Norwich Union Indemnity Company. The Kenesaw Hotel Company, a corporation, was the owner of certain property in Minneapolis known as the "Kenesaw Hotel." That company was insured against public liability in its operation of the hotel property in the Globe Insurance Company, said insurance expiring September 15, 1926. On March 1, 1926, the Kenesaw Hotel was leased to plaintiff, under a trust agreement, for a term of two years and ten months. No request was made by plaintiff to change the policy then in force so as to name himself as an assured.

Sometime in August, 1926, Ethel Black, assistant secretary of the Arthur P. Smith Company, went to plaintiff's office, as was her custom, and "pulled" the expiration cards on policies that would expire within the next month. A list was made of such expirations and given to plaintiff or his secretary. This list included the above named Globe Insurance Company's policy. A Norwich Union policy covering such liability was subsequently issued to become effective September 15, 1926, naming, as did the Globe policy, the Kenesaw Hotel Company as the assured. That is the

policy here involved. The premium on the policy was paid by the Morris T. Baker Company, not by plaintiff. About ten weeks after the policy became effective Edith Ellefsen, a guest of the Kenesaw Hotel, which was then being operated by plaintiff, sustained injuries due to a fall on an inside stairway. Suit was instituted by her on April 24, 1928, against the Kenesaw Hotel Company and Miller, the plaintiff herein, to recover damages for such injuries. Upon receiving notice of the institution of that action (the claimed first information it had of any connection of Miller with the hotel property) the Norwich Union Indemnity Company notified him that it would not furnish counsel for his defense, but that it would defend the Kenesaw Hotel Company, the named assured in the policy. The Norwich Union Indemnity Company at that trial was represented by its present counsel; Miller by counsel retained by him. The lease (agreement) hereinbefore referred to was introduced in evidence. The jury returned a verdict against both defendants. On motion of the Norwich Union Indemnity Company judgment was ordered in its favor notwithstanding the verdict. Judgment against Miller was entered and later satisfied by him. The amount thereof, together with attorney's fees paid, is here sought to be recovered.

There is nothing in the evidence that would support a finding of fraud. The evidence on plaintiff's behalf tends to show nothing more than that the written contract (the policy) failed to express the true intention of the parties because of mistake on the part of the Arthur P. Smith Company, either in the exercise of its judgment as to who should be named the assured, or through inadvertence on the part of the one who wrote the order for the policy. Such mistake on the part of one party to a contract, if proved, is sufficient to warrant reformation. Haley v. Sharon Township Mut. F. Ins. Co. 147 Minn. 190, 179 N. W. 895; Bredesen v. Nickolay, 147 Minn. 304, 180 N. W. 547.

The evidence as to what the agreement or understanding was, leading up to the issuance of the policy, was in sharp conflict. The burden was upon plaintiff to prove that the actual agreement was otherwise than as evidenced by the policy. Plaintiff testified that

426

when the expiration of the Globe policy was brought to his attention he had a conversation with Arthur P. Smith, president of the Arthur P. Smith Company, in which he informed Smith of the lease under which he was in possession of and operating the Kenesaw Hotel and that he then requested Smith to have a policy issued that would indemnify him, plaintiff, against such liability as the former policy covered. Smith denied any such conversation or that the claimed information was ever in any way given to him; that if he had known of the situation he would have designated both plaintiff and the Kenesaw Hotel Company as assureds, in which event a higher premium would have been charged. There was other evidence corroborating Smith's testimony. A workman's compensation policy was written by the defendant Norwich Union Insurance Company at the same time the policy here involved was issued; a short time later a steam boiler insurance policy was written by another company. In both those policies the Kenesaw Hotel Company was named as the assured; the plaintiff in neither of them. They were, as was the policy here involved, brokered through the Arthur P. Smith Company. Plaintiff's secretary testified that she overheard the conversation between plaintiff and Smith and that plaintiff stated to Smith his connection with the hotel property and asked for protection under that arrangement. She further testified that all insurance policies brokered by the Morris T. Baker Company (including the three policies above named) came to her desk, that she always read them and noticed what property they were written to cover; that when the policy here involved was received she examined it, noticed that the assured was the Kenesaw Hotel Company, and filed it away with all the others without reporting to plaintiff or anyone else that plaintiff was not named as an assured in the three policies above referred to.

In support of plaintiff's claim that there was a conversation between himself and Smith, he points out that the new policy contained a coverage against liability for injuries caused by an elevator within the hotel building, which the old policy did not. Granting that a conversation did take place resulting in the inclusion of that additional coverage, that fact proves nothing fur-

ther.   There was other testimony not here necessary to detail, that, with the inferences properly deducible therefrom, might have some bearing on the situation.

Under the conflicting evidence, we cannot do other than sustain the court's findings that the real agreement between the parties was as expressed by the written document.   The trial court's findings are not to be set aside unless clearly or manifestly against the weight of the evidence or without any reasonable support therein. The presumption that the trial court has properly determined questions of fact applies not only to its conclusions from disputed facts but also to its inferences reasonably drawn from undisputed facts.   The findings should not be set aside if upon any reasonable theory of the evidence they can be sustained or if the evidence is of such a character that different persons might reasonably arrive at different conclusions.   Sommers v. City of St. Paul, 183 Minn. 545, 237 N. W. 427, and cases cited.   The case of Logue v. Duchene, 185 Minn. 337, 241 N. W. 51, 52, cited by plaintiff, although perhaps of persuasive force in argument to the trial court, does not help plaintiff here on appeal.   In that case [185 Minn. 339] the findings were that "it was the intention of the parties that the defendant Louis Duchene should be as fully covered by the terms of the policy as he would be if named as the insured therein."   We there sustained the findings, as we do here.

Affirmed.