## GEORGE F. DEAN v. DOUGLAS REES.[1]

June 14, 1940.

No. 32,381.

*George T. Halbert* and *George F. Dean,* for appellant.
*James D. Bain,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Plaintiff commenced two actions under 2 Mason Minn. St. 1927, § 9556, to quiet title to certain lots in the city of Minneapolis. By stipulation the actions were consolidated for trial in district court. Defendant's motion for an order dismissing the complaints with prejudice was granted by the trial court. Plaintiff appeals from an order denying his motion to set aside the order of dismissal and for a new trial.

There is no dispute about the essential facts. Defendant bought the property in question at tax sale. He then brought an action to quiet title thereto and on findings that he was the sole and absolute owner of the property judgment to that effect

[1]Reported in 292 N. W. 765.

was entered on April 5, 1939. Thereafter defendant petitioned the district court of Hennepin county for a Torrens registration, and in that proceeding judgment adjudicating the title to be in him was duly entered on April 25, 1939. The complete files in the registration proceedings were made a part of the record in this case.

The trial court was of the opinion that the question of title had been adjudicated in the previous actions and that the determinations reached therein could not be attacked collaterally in the present proceeding. Its memorandum attached to the order appealed from reads:

"This is an action brought by plaintiff to quiet title to the premises described in the complaint, notwithstanding two previous judgments now docketed in each case determining that defendant is the absolute owner of said premises. It appears that some time previously defendant Rees procured tax title to said premises, and thereafter in proceedings brought by said Rees for the purpose of quieting title in him the court made findings to the effect that said Rees was the sole and absolute owner of said premises. Thereafter judgment was entered on the 5th of April, 1939, establishing and determining that said Rees had the legal and absolute title to said premises, which judgment is now in full force and effect. Thereafter, on petition of said Rees to register said premises, judgment was entered in registration proceedings by the district court determining said Rees to be the owner, and ordering certificate of title to issue to him in accordance therewith. This judgment is now in full force and effect.

"The above action to quiet title can be construed only as an attempt on the part of plaintiff to attack in a collateral proceeding the two judgments above mentioned. The court feels that this is not the remedy, and a direct action must necessarily follow. Counsel in the present action questions the legality of the judgment registering title in Rees. Even so, nevertheless the judgment in file No. 396,310, docketed April 5, 1939, would still be in force and effect. The court has attempted to

make it clear to counsel that in its opinion in order to seek a remedy these two judgments above referred to must first be vacated and set aside."

On this appeal plaintiff urges (1) that the trial court erred in permitting defendant to challenge plaintiff's claim to title by motion to dismiss the complaints and (2) that it erred in holding that the judgment in the registration proceedings determining defendant to be the owner of the property in question could not be attacked collaterally by plaintiff in the present action to quiet title thereto.

■ Plaintiff's position is that defendant should have been required to challenge plaintiff's title by answer rather than by motion to dismiss the complaint. The procedure suggested would be proper and probably more desirable, but the record does not disclose that the one followed was challenged by plaintiff until upon his motion for a new trial and rehearing.

No counter affidavits appear to have been interposed on the original motion to which the plaintiff stipulated in open court that the two actions be heard together. The stipulation reads:

"It having been heretofore stipulated in open court that the two cases filed in the above entitled court wherein George F. Dean is plaintiff and Douglas Rees is defendant, and bearing files numbers 398,554 and 398,555 be consolidated in file No. 398,554 and that all pleadings, affidavits, motions and notices thereof in said action No. 398,554 be assumed to include the premises described in action No. 398,555, as if originally so included, now it is hereby stipulated in writing to be filed in said action that said actions are included, and hereafter all motions, orders, and other proceedings in said action No. 398,554 shall include the premises described in action No. 398,555, and be bound by all proceedings, orders, and judgments in said action No. 398,554."

Furthermore, counsel have stipulated the judgment roll in the registration proceedings into the record in this case, and it was before the court at the hearing. Under the circumstances

related, the appellant is not now in a position to challenge the procedure.

■ We believe that the case is controlled by the decision of this court in Henry v. White, 123 Minn. 182, 143 N. W. 324, 325, L. R. A. 1916D, 4. Plaintiff's action in that case was to foreclose an unrecorded mortgage which petitioner for registration had fraudulently failed to disclose. Defendant was a *bona fide* purchaser from petitioner without notice of the mortgage. It was held that the registration proceedings were not subject to plaintiff's collateral attack. The fact that defendant was a *bona fide* purchaser who had relied on the registration judgment was not the decisive factor. The important point was that a judgment regular on its face had determined who had title to the property, and a judgment which on its face discloses no lack of jurisdiction is not subject to collateral attack. In Henry v. White, *supra,* the court said [123 Minn. 184]:

"If the want of jurisdiction due to the failure to serve known claimants appears affirmatively from the judgment roll itself, the judgment is void as against such claimants and may be attacked collaterally. Riley v. Pearson, supra [120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7]. But where neither in the proceedings themselves or by the records, the existence of an unnamed claimant is shown, though the applicant knows that there is such a claimant, the want of jurisdiction does not appear from the judgment roll itself, and the decree is not subject to collateral attack."

There is no claim here that the failure to serve plaintiff in the registration proceedings appears affirmatively from the judgment roll. As indicated, the complete files of the registration proceedings have been stipulated into the record. The only irregularity appearing is that the notary in verifying defendant's application stamped his name and title and sealed the instrument but failed to sign his name. 3 Mason Minn. St. 1940 Supp. § 8251, provides:

"The application shall be in writing, and shall be signed and verified by the applicant, * * *."

That the application here was not verified is apparent. However, we deem this a mere irregularity not affecting the jurisdiction of the court. The examiner's report shows that the only person in possession was the General Outdoor Advertising Company, and it was properly served. Also joined and named as a party was the United Real Estate Corporation, in whose name the land had been listed prior to the tax sale. Its address was unknown, and after the Hennepin county sheriff returned that he could find no officer of the corporation in the state substituted service was made upon the secretary of state. Thus it appears on the face of the registration judgment roll that all known persons and persons in possession were duly served and that notice of publication was duly given "all other persons or parties unknown claiming any right, title, estate, lien or interest in the real estate described in the application herein," as required by 2 Mason Minn. St. 1927, § 8262. The judgment on its face shows no right, title, or interest in the premises to be in plaintiff and no possession of the property by him. There is therefore no mistake or fraud apparent on the judgment roll indicating lack of jurisdiction in the registration proceedings as was the case in Riley v. Pearson, 120 Minn. 210, 139 N. W. 361, L. R. A. 1916D, 7.

Order affirmed.