## LILLIAN A. DANIELSON GIFFORD v. ALTA B. VORE AND ANOTHER.[1]

October 28, 1955.

No. 36,574.

[1]Reported in 72 N. W. (2d) 625.

*Edward L. Rogers,* for appellant.
*Ryan, Ryan & Ebert,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the trial court denying plaintiff's motion for amended findings, conclusions, and judgment, and in the alternative, for a new trial.

This is an action by plaintiff, Lillian A. Danielson Gifford, against defendants, Alta B. Vore and Glenn Vore. The suit was started for trespassing; default judgment was entered and later reopened. Plaintiff in her complaint alleges that she was the owner of certain property; that the defendants owned adjoining property; and that defendants, on about the first of June 1952, wrongfully and without authority, went upon her land and cut and destroyed 200 small trees. In their answer defendants admit that they own property adjoining the property of the plaintiff but deny that they went upon plaintiff's property and cut any timber or brush thereon.

The case was tried before the court, which found that the parties owned adjoining lakeshore property but that none of the parties

knew the true boundary between their properties, nor had the parties or their predecessors in interest ever agreed on a line nor acquiesced upon one delineated upon the ground. The court therefore concluded that the defendants were entitled to judgment dismissing the plaintiff's cause of action.

It is the contention of the plaintiff that the trial court erred in not granting her motion for amended findings of fact in which she asked that the court find that the plaintiff for more than 20 years has maintained an established boundary line between her property and the defendants' by maintaining thereon iron monuments, a row of rocks painted white, and a border of honeysuckle; also that the location of this northern boundary line of plaintiff's property has been acquiesced in by defendants and their predecessors in ownership for more than 20 years.

The principal questions which we deem necessary to consider for determination are whether or not plaintiff has established her ownership of the property in question by establishment of a practical boundary line between her land and that of the defendants or by adverse possession.

We are confronted at the outset with the firmly established rules that, where a trial is before the court without a jury, as here, the trial court is the finder of facts and conflicts in the evidence are to be resolved in that court. In such cases the trial court's findings are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless they are manifestly and palpably contrary to the evidence. 1 Dunnell, Dig. (3 ed.) § 411 (1, 2), and cases cited therein.

Upon appeal the burden is on the appellant to show that there is no substantial evidence reasonably tending to sustain the trial court's findings. H. F. Shepherdson Co. v. Central F. Ins. Co. 220 Minn. 401, 19 N. W. (2d) 772.

The evidence in the case before us is conflicting. Without going into a detailed examination of all the evidence presented, the plaintiff's testimony in brief is that in 1927 her land was surveyed and at that time iron monuments were placed on the four corners of her

land and on the northwest corner she placed three additional monuments. She further contends that in the same year she placed a row of rocks, some of which she painted white, on what she claims is the north boundary of her property. She testified that she repainted the rocks from year to year, the last time being in 1951 or 1952. There was testimony by plaintiff and her husband to the effect that the rocks were in a perfect line and ran from the west on what she claimed was the north line of her property, for a distance of 100 to 150 feet. On the other hand there seems to be some confusion on the part of the plaintiff in this respect as to just how far the rocks extended. When asked on cross-examination as to how far the rocks extended from the bank of the lake east, she said "about 15 feet or so." She corrected this by saying about 25 feet, and again said "maybe it is 50 feet." She also stated that on her purported north line near the rocks she planted a row of 30 honeysuckles. She admitted, however, that the land some 80 feet south of the so-called rock line was left in a wild natural state to provide a screen for privacy. In fact she testified that at no time from the year she built her cottage, in 1927, did she ever brush out any of the area from approximately a certain pine tree to where the rocks were, nor did she use this land for any purpose. She further stated that in 1952 the defendants occupied the land south of her purported north line for a distance of about 80 feet by cutting down trees and brush, putting in a garden, and erecting a fence with a "No Trespassing" sign on it.

The defendants do not deny that they occupied the land in dispute. Their testimony is that when they bought their property their south line was pointed out to them as being by a pine tree about 50 feet north of plaintiff's cottage. (This would be at about the south edge of the 80-foot strip which plaintiff claims as her land and upon which she contends that the defendants are trespassing.) Defendants claim that there was a board nailed to the pine tree in question with the initials B. M. painted on it and that the name of a previous owner of their property was Bill McMullen. Mr. Vore testified that there was no row of rocks but that the rocks that were there were scattered and not in any line and that they assumed that the rocks had been

put there by previous owners of their property. With respect to the honeysuckles, defendants' testimony is that there were none except those growing wild through the woods.

The record here lacks any evidence on which the trial court could ascertain where the actual northern boundary line of plaintiff's property is located. Exhibit 10 shows a sketch of the property. The exhibit is not the claimed survey which was excluded but was admitted with the express understanding that it was not a survey but only a sketch of the premises received for illustrative purposes.

■ While it is true that under the law of this state a practical location may constitute a boundary line, such a boundary line may be established in one of three ways: (1) The location relied upon must have been acquiesced in for a sufficient length of time to bar a right of entry under the statute of limitations; (2) the line must have been expressly agreed upon between the parties claiming the land on both sides thereof and afterward acquiesced in; or (3) the parties whose rights are to be barred must have silently looked on, with knowledge of the true line, while the other party encroached upon it or subjected himself to expense in regard to the land which he would not have had the line been in dispute. Fishman v. Nielsen, 237 Minn. 1, 53 N. W. (2d) 553.

Under this rule there is no evidence in the record that anyone has acquiesced in the alleged boundary line. While it is true that plaintiff testified that she has never had a dispute before over the boundary line, there is no evidence that she had asserted this as her boundary line to any of defendants' predecessors in title.

Regarding the second and third methods, there is no evidence of any previous agreement in regard to the boundary line or that anyone had silently looked on while plaintiff subjected herself to expense in regard to the land which she would not have done had the line been in dispute. We also said in the Fishman case that the evidence to establish such line must be clear, positive, and unequivocal and that the effect of a practical location of a boundary is to divest one of a conceded title by deed.

With respect to the plaintiff's acquiring the property in question by adverse possession, it is elementary that such possession must be

hostile, actual, open, continuous, and exclusive. Fishman v. Nielsen, *supra;* Village of Newport v. Taylor, 225 Minn. 299, 30 N. W. (2d) 588; 1 Dunnell, Dig. (3 ed.) § 113, and cases cited therein. Here, by her own admission, plaintiff had left the property in question in its wild and natural state.

Under these principles relating to the practical location of a boundary line and to title by adverse possession and after a careful examination of the record, we cannot say that the trial court's findings were so manifestly and palpably contrary to the evidence that it should have amended its findings of fact and adopted those offered by the plaintiff. Rather, it appears to us that the case involved a fact issue as to whether plaintiff proved her title to the land in dispute. It is evident from the record here that the trial court was justified in stating in its memorandum to the order denying plaintiff's motion for amended findings or a new trial that "she did little to perfect her claim of ownership * * * that she furnished no up-to-date survey" and that without a survey the court could not say that plaintiff's evidence was clear and convincing and came within the rules reviewed at the conclusion of the trial. It is our opinion that under the record here the trial court should be affirmed.

Affirmed.