249 Minn. 156 (1957)
81 N.W. (2d) 701
IN RE ESTATE OF ISABELLE DAHL.
ARNOLD IVERSON
v.
GEORGE A. JOHNSON.
No. 37,203.
Supreme Court of Minnesota.
March 1, 1957.
Stanley C. Olson, G.L. Dosland, and Dosland & Dosland, for appellant.
Olav E. Vaule, for respondent.
FRANK T. GALLAGHER, JUDGE.
Appeal from a judgment of the district court.
It appears from the record that Arnold Iverson filed a claim with the probate court of Norman County in the estate of Isabelle Dahl asking the probate court to find that he was in fact the adopted son *157 of Elvin Eli Dahl, deceased, and said Isabelle Dahl and that he was sole heir and beneficiary of her estate. In the event that the court should deny this request, he asked that it find him entitled to at least $10,000 as a prior claim against the estate by virtue of an agreement on the part of his foster mother with his foster father, made upon the consideration of the forbearance of his foster father's making a will in his behalf.
The probate court handed down the following order:

"ORDER DISALLOWING CLAIM
"Having duly examined the claim of Arnold Iverson for the sum of Ten Thousand and No/100 Dollars, and interest, against said estate, heretofore filed in said court, and objection having been made by Geo. A. Johnson, Administrator of said estate, and said claim having been duly examined.
"It is ordered, that said claim hereby is disallowed."
Following this order, Arnold Iverson filed a notice of appeal to the district court. Pursuant to this appeal he filed propositions of law and fact which are in substance that he is the adopted son of Isabelle and Elvin Eli Dahl and as such is the only heir at law to the estate of said Isabelle Dahl; that Isabelle Dahl had contracted with her husband that she would see to it that Arnold would get $10,000 if her husband would forbear from bequeathing him that amount by will; that Elvin Eli Dahl in reliance did forbear from executing a last will and testament; that Arnold Iverson did not receive any part of the $10,000 nor did Isabelle Dahl bequeath him that amount by will; and that disallowance by the probate court of his claim was contrary to law and fact. The administrator of the estate answered the propositions of law and fact and the case was then tried before the district court.
At the conclusion of the trial the court found, so far as is pertinent to this appeal, that the evidence adduced upon the trial failed to prove that the decedent, Isabelle Dahl, had promised or contracted with her husband that, if he refrained from leaving a will at his death making a bequest to Arnold, she would pay to him a sum of money during her lifetime. It also found that she made no *158 promise to leave a will at her death bequeathing money or property to Arnold; that the decedent at her death was not indebted to him in any amount whatsoever; and that therefore he had no claim of a pecuniary nature against the decedent. The court then concluded that the administrator of the estate of Isabelle Dahl was entitled to judgment affirming the order of the probate court disallowing the claim filed by Arnold Iverson.
On appeal to this court Iverson assigns as error that the findings of fact, conclusions of law, and order for judgment are contrary to law and to the evidence and that the court erred in not granting his motion to amend the findings of fact and conclusions of law. Essentially that motion requested the court to make a finding that Isabelle Dahl had contracted with Elvin Eli Dahl in regard to the $10,000 mentioned above, and further that in August 1919 Elvin Eli Dahl and Isabelle Dahl took Arnold Iverson into their home, and through their agreements with his natural mother, and their acts and doings thereafter, did in fact adopt the said Arnold Iverson as their son, and that he is entitled to all of the legal rights of an adopted son. Further, Iverson sought to have the court conclude as a matter of law that the order of the probate court be reversed with directions to allow his claim and also to conclude that he is the adopted son of the decedent and entitled to all the legal rights of an adopted son.
Two issues are therefore raised in this court by the assignments of error: (1) Whether the findings of the district court with respect to the alleged contract are sustained by the evidence; (2) whether the court erred in refusing to make a determination as to whether Arnold Iverson was the adopted son of decedent and entitled to all the legal rights of an adopted son.
1. With respect to the first issue, findings of the trial court are entitled to the same weight as the verdict of a jury and will not be reversed on appeal unless manifestly and palpably contrary to the evidence. Gifford v. Vore, 245 Minn. 432, 72 N.W. (2d) 625. If different persons might reasonably draw different conclusions from the evidence, the findings should not be disturbed. Miller v. Norwich *159 Union Ind. Co. 193 Minn. 423, 258 N.W. 747; see, also, 1 Dunnell, Dig. (3 ed.) § 411, and cases cited thereunder.
Testimony for the appellant relating to the alleged contract was given by Mrs. Teresa Enger, a registered nurse who had attended the deceased Elvin Dahl during his last illness. She testified that Mr. Dahl had told her he thought he would make a will and that she should send Arnold to get Mr. Ueland, a practicing attorney. She then testified that Mr. Ueland did come to the house but that he did not see Mr. Dahl while he was there. Mrs. Enger further testified that at that time "Mrs. Dahl asked Mr. Dahl what he wanted with Mr. Ueland and Mr. Dahl said that he thought he should make out a will and leave Arnold something and they talked and Mr. Dahl said he thought Arnold should have around ten thousand and she said that if he wouldn't make a will at that time she would see that Arnold was taken care of." The testimony is that after this conversation took place between Mr. and Mrs. Dahl, Mr. Ueland was sent away.
An examination of this testimony indicates that, contrary to the claim filed by plaintiff in the probate court, Mrs. Dahl did not promise either to give Arnold $10,000 nor that she would make a will leaving $10,000 to him. Rather it appears that she only said that he would be "taken care of," which at the most was very vague. We cannot say that the trial court, in this instance acting as a trier of fact, committed reversible error when it affirmed the decision of the probate court in disallowing Iverson's claim. It is therefore our opinion the court's findings in this respect must be upheld.
2. We come now to the second issue, in regard to the trial court's refusal to make a determination as to whether Arnold Iverson was the adopted son of Mr. and Mrs. Dahl and entitled to all the legal rights of an adopted son. As pointed out above, this allegation was included in a claim filed with the probate court, as claims of creditors are filed, pursuant to M.S.A. 525.411. In its memorandum the trial court cited two cases which we believe are determinative of this issue. Knutsen v. Krook, 111 Minn. 352, 127 N.W. 11; In re Estate of Peterson, 202 Minn. 31, 277 N.W. 529. In the Knutsen case our *160 court held that the word "claim," as used in our statutes providing for the administration of estates of deceased persons, is generally construed as referring to a demand of a pecuniary nature which could have been enforced against the deceased in her lifetime; and further that the statute has no application to claims arising in tort, to those arising out of the administration of the estate, nor to claims for legacies or distributive shares of an estate. It is thus clear from that case that the adjudication of Iverson's rights with respect to his allegations relating to an adoption were not such that the probate court could properly hear and determine at the hearing on claims, nor did the probate court in the instant case make such determination. Iverson, however, contends that, in spite of this, inasmuch as all of the testimony given by him on his appeal to district court related to both issues and because he had served all of the parties involved, the district court should have determined the issue.
However, our court held in the Peterson case, supra, that under our constitution the probate court has exclusive jurisdiction over the estates of deceased persons (Minn. Const. art. 6, § 7), and that this includes power and duty to determine to whom property passes by will or descends by inheritance. The district court has jurisdiction only where the right of appeal has been exercised pursuant to statutory direction. Such jurisdiction is appellate  not original. Thus the district court in this case had no right to make a determination in the absence of a determination of the probate court and the proper appeal taken therefrom.
In the Knutsen case, supra, it is indicated that such a determination as Iverson is contending for here may be determined on appeal to the district court from the probate court's decree of distribution. Thus it is clear that in a case such as this a proper course for Iverson to take is to file objections to the administrator's petition for allowance of his final account and decree of distribution. Then, on the hearing of this petition and objections, the probate court could properly make a determination in regard to his adopted status.
Judgment affirmed.