In the Matter of the Petition of Carolyn McGINNIS in Relation to Lot Sixty-Six (66), First Addition to Sherwood Forest, registered in Certificate of Title No. 16,-601 for Adjudication of Adverse Claim.

No. CX–95–639.

Court of Appeals of Minnesota.

Aug. 22, 1995.

Review Denied Oct. 27, 1995.

Andrew M. Shaw, Shaw & Shaw, Deer River, for respondent McGinnis.

Dennis L. O'Toole, Lano, Nelson, O'Toole & Bengtson, Ltd., Grand Rapids, for appellant Williams.

Considered and decided by SHORT, P.J., and PARKER and KLAPHAKE, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Richard Williams, Jr. challenges summary judgment that his claim for adverse possession is invalid against Torrens property. Williams argues that as the owner of an adjacent abstract parcel, he had no notice that the subject property was in Torrens because it was originally registered without delineation of boundaries. We affirm summary judgment because no boundary dispute existed prior to registration and there is no ambiguity in the property description.

## FACTS

This real property dispute arose between owners of two adjacent parcels, one which is Torrens property registered in 1914 and one of which is abstract property. Respondent Carolyn McGinnis is the fee owner of Lot 66, 1st Addition to Sherwood Forest, in Itasca County. Lot 66 was originally part of Lot 5, Section 23, Township 57, Range 26 West, which was registered without delineation of boundaries with an initial Torrens Certificate of Title No. 297, on November 19, 1914 with the Itasca County Registrar of Titles. Williams owns Lot 1, 1st Addition to Sherwood Forest, which is abstract property. Prior to the platting of Sherwood Forest, Lot 1 was part of Lot 6, Section 22, Township 57, Range 26 West.

Lot 1 lies west of Lot 66. The two lots are separated by a 30-foot wide strip of land dedicated to the public. After Lot 66 was registered in 1914, Lots 1 and 66 were platted on July 7, 1915. The plat was filed with the Registrar of Titles on January 15, 1917, and recorded as a memorial on the Certifi-

cate of Title No. 358, Vol. B, page 46. The details of the filing of the plat are recited on Certificate of Title No. 474, Vol. B, page 93. After the platting, Williams' predecessor began to use the adjoining public land and a portion of Lot 66. A 1989 survey shows that Williams' predecessor in title built a cabin on the eastern portion of Lot 1. The cabin infringes on the public right of way between Lots 1 and 66.

Williams filed a verified statement of adverse claim with the Itasca County Registrar of Titles claiming a portion of McGinnis's property based on the doctrine of practical location of boundary. McGinnis countered with her petition and proceeding subsequent to initial registration of land. The trial court granted McGinnis summary judgment cancelling the verified statement of adverse claim. Williams appealed and we affirm.

## ISSUES

I. Does Minnesota Statutes Chapter 508 preclude a determination of adverse possession or practical location of boundary lines where no boundary dispute existed prior to registration and the registration proceeding did not establish boundary lines?

II. Where the property owner has a registered certificate of title and where the plat for the property containing the property's description was filed with the registrar of titles and recorded as a memorial on a certificate of title, did the registrar's failure to affix the filing stamp to the plat document deprive an adjacent property owner of notice of registration?

## ANALYSIS

On appeal from summary judgment, this court must view the evidence in the light most favorable to the nonmoving party to determine whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *State v. French,* 460 N.W.2d 2, 4 (Minn.1990). Here, the parties do not dispute the facts.

### I. *Adverse Claims Against Registered Property*

Williams asserts that the failure of McGinnis's predecessor in title to fix boundary lines

in the 1914 registration proceeding subjects Lot 66 to adverse claims. McGinnis asserts that registration of title under Minn.Stat. § 508.02 (1994) (Torrens law) protects Lot 66 from Williams' adverse claim because no boundary dispute existed at the time of registration.

The purpose of the Torrens law is to establish an indefeasible title which is immune from adverse claims not registered with the registrar of titles and to assure that the property can become encumbered only with registered rights and claims.

> Every person receiving a certificate of title pursuant to a decree of registration and every subsequent purchaser of registered land who receives a certificate of title in good faith and for a valuable consideration shall hold it free from all encumbrances and adverse claims, excepting only the estates, mortgages, liens, charges, and interests as may be noted in the last certificate of title in the office of the registrar * * *.

Minn.Stat. § 508.25 (1994); *see also Konantz v. Stein,* 283 Minn. 33, 37, 167 N.W.2d 1, 5 (1969). Title to registered property cannot be gained by adverse possession, as this would contradict the very purpose of the Torrens law, to assure marketable title. "No title to registered land in derogation of that of the registered owner shall be acquired by prescription or by adverse possession." Minn.Stat. § 508.02; *see also Konantz,* 283 Minn. at 37, 167 N.W.2d at 7 (registered land cannot be acquired by adverse possession); *Moore v. Henricksen,* 282 Minn. 509, 519, 165 N.W.2d 209, 218 (1968).

Here, Williams claims title to a portion of Lot 66 under the doctrine of boundary by practical location, a type of adverse possession. In Minnesota, a boundary may be established by practical location in one of three ways:

> (1) The location relied upon must have been acquiesced in for a sufficient length of time to bar a right of entry under the statute of limitations; (2) the line must have been expressly agreed upon between the parties claiming the land on both sides thereof and afterward acquiesced in; or (3)

the parties whose rights are to be barred must have silently looked on, with knowledge of the true line, while the other party encroached upon it or subjected himself to expense in regard to the land which he would not have had the line been in dispute.

*Id.* at 516, 165 N.W.2d at 215 (quoting *Gifford v. Vore,* 245 Minn. 432, 436, 72 N.W.2d 625, 628 (1955)).

■ The doctrine of boundary by practical location has been applied in limited instances to determine boundaries to registered property. *See Minneapolis & St. Louis Ry. v. Ellsworth,* 237 Minn. 439, 444–45, 54 N.W.2d 800, 804 (1952) (doctrine applied where original registration proceeding did not determine boundary lines, basis for boundary dispute existed at time of registration, and dispute is not collateral attack on Torrens proceeding); *In re Zahradka,* 472 N.W.2d 153, 155–56 (Minn.App.1991) (doctrine applied to resolve conflict between two certificates of title with ambiguous property descriptions that could include same property), *pet. for rev. denied* (Minn. Aug. 29, 1991). In a recent case, this court recognized that adverse claims have only affected registered property where there was an ambiguous description in the certificate of title or the dispute existed at the time the property was registered. *In re Building D, Inc.,* 502 N.W.2d 406, 408 (Minn. App.1993), *pet. for rev. denied* (Minn. Aug. 24, 1993).

■ Here, there is no ambiguity in Lot 66's certificate of title, nor was there a dispute over the location of boundaries when Lot 5 was registered in 1914. The boundaries of Lots 1 and 66 were delineated by the July 7, 1915 plat which was filed with the registrar of titles on January 15, 1917. Both Williams and McGinnis' predecessors in title signed the 1915 plat as owners of the platted property, affirming the location of the boundaries at that time. As there was no boundary disagreement at the time of the 1914 registration, Williams cannot now assert that the failure to establish boundaries during the registration proceeding provides a basis for an adverse claim. *Cf. Ellsworth,* 237 Minn. at 445, 54 N.W.2d at 804.

## II. *Registrar's Failure to Stamp Original Plat Document*

■ When the plat showing Lots 1 and 66 was filed with the registrar of titles on January 15, 1917, the registrar did not affix a filing stamp to the original plat document. Williams asserts that he should have been able to determine the status of Lot 66 merely by examining the abstract to Lot 1. Because this omission deprived him of notice that Lot 1 shared a common boundary with registered property, he claims he can adversely possess a portion of Lot 66.

The fact that Lot 66 is registered land with a certificate of title of record with the registrar of titles provides notice to Williams and all the world that it is registered property. Had Williams inspected the title to Lot 66, he would have found it to be registered property. Therefore, the district court correctly concluded that he was not deprived of notice due to the lack of a filing stamp on the plat.

This case is analogous to *Dean v. Rees,* 208 Minn. 38, 292 N.W. 765 (1940), where the Torrens registration application lacked proper verification by the notary public. Notwithstanding the notary's failure to sign his name after stamping the document, the *Dean* court held that the registration judgment was valid. *Id.* at 41–42, 292 N.W. at 767. As here, the district court correctly viewed the plat's failure to consecutively number the lots, and the plat's lack of filing stamp and reference to a certificate of title as "mere irregularit[ies]," *id.* at 42, 292 N.W. at 767, because the required information was memorialized and made part of the certificate of title. Thus, Williams had adequate notice of the registration of title.

■ Williams also asserts that the district court denied him due process by ruling that he had constructive notice that the property was registered. Williams can claim no infringement of his due process rights, however, where he had no protectable property interest. *Cf. Konantz,* 283 Minn. at 39–40, 167 N.W.2d at 4–5 (where adverse claim has ripened into title at time of registration, claimant lacking actual or constructive notice not barred from asserting title).

## DECISION

Minn.Stat. § 508.02 and the case law interpreting it explicitly prohibit adverse claims against registered property unless the dispute existed before registration or unless there is an ambiguous property description, neither of which exist here. Moreover, the failure of the registrar of titles to affix a filing stamp to the plat did not deprive Williams of notice that Lot 66 was registered. Lot 66 was properly registered and the plat containing a description of the property was filed and recorded as a memorial on the certificate of title. Thus, the district court properly determined that Williams had adequate notice that Lot 66 was registered land.

**Affirmed.**